John J. Walsh, J.
Defendant moves for resentence as a multiple offender, under People v. Cornish (21 A D 2d 280).
In accordance with the procedure outlined in People v. Cornish, the defendant has moved for resentence (defendant terms his motion one for vacatur of judgment and sentence) pursuant to chapter 446 of the Laws of 1964. He attaches to his petition copies of the public records of Dauphin County, Pennsylvania, Court of Oyer and Terminer, consisting of the indictment, Cleric’s record and minutes of the proceedings and sentence. These records indicate on their face that the defendant was not represented by counsel in 1934.
In addition, defendant demonstrates dearly by his papers that in 1962 he applied to the Dauphin County Court of Oyer and Terminer for a writ of error coram nobis to set aside his conviction there on the very grounds claimed here. The Hon. William H. Neely denied the application on April 16, 1962 on the ground that there was no denial of due process because of the failure to appoint counsel in a noncapital case (Foster v. Illinois, 332 U. S. 134). Thus, the defendant made a timely effort to challenge the validity of that conviction by the only method then available (People v. McCullough, 300 N. Y. 107).
Since that time, New York State has provided a statutory method of challenging the validity of a foreign State conviction, and has made such method retroactive in People v. Cornish (supra).
Defendant has clearly demonstrated his right to the relief sought herein. The People do not controvert the facts claimed in the petition. No hearing is necessary.
Motion for resentence is granted. Submit order in accordance herewith returning the defendant for resentence by this court.