John J. Walsh, J.
On the 10th day of August, 1964 petitioner verified a petition requesting resentence pursuant to section 1943 of the Penal Law and People v. Cornish (21 A D 2d 280) (decided June 2, 1964).
The defendant-petitioner attacks two previous ‘ ‘ foreign ’ ’ or nonstate convictions used by the Oneida County District Attorney to permit defendant’s sentence as a multiple offender. This court previously held in this ease that the application is timely made.
The remaining question is whether the petition is sufficient to justify a hearing on the merits of the application.
The first ‘ ‘ nonstate ’ ’ conviction attacked is that in the Court of Common Pleas, Erie County, State of Ohio on December 6, 1944. Defendant claims that his conviction after a jury trial of " stabbing with intent to wound ’ ’ was obtained in violation of his constitutional rights in that:
1. He was arrested without probable cause and without warrant.
2. His home was searched without a search warrant and a hunting knife introduced upon the trial illegally seized.
3. He was detained for some days without a charge placed against him, and refused the aid of counsel.
4. He was not arraigned before a Magistrate for 11 days after apprehension.
5. A so-called “ confession ” was received in evidence without a previous hearing out of the presence of the trial jury as to its truthfulness or voluntariness of the confession.
The second prior conviction which is attacked in this application is that in the United States District Court, for the Western District of New York on April 29, 1957 for violation of section 495 of title 18 of the United States Code. The defendant-petitioner claims that this conviction upon his plea of guilty violated his constitutional rights in that:
1. He was arrested without probable cause and without a warrant.
2. He was never taken before a United States Commissioner or other Magistrate for a hearing.
3. He was not given an opportunity to speak before being-sentenced in the Federal court.
*594 4. He was not told by the court that a plea was serious or being warned of the consequences should he be again convicted in the future in New York State.
5. He did not “ have the assistance of counsel, within the legal meaning of counsel, at any stage of the proceedings ”.
Until relatively recently, such an application would have been denied and defendant-petitioner advised to seek his relief in the court wherein he. was originally convicted. (People v. McCullough, 300 N. Y. 107.)
On April 10,1964, section 1943 of the Penal Law was amended to provide that no previous conviction in either New York State or any other State shall be utilized as a predicate for multiple offender treatment ‘ ‘ if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States.”
In People v. Cornish (21 A D 2d 280) the Appellate Division indicated that section 1943 of the Penal Law should be given retroactive as well as prospective effect. Defendant-petitioner contends he comes within the Cornish doctrine.
The instant case differs from Cornish in the fact that in Cornish the claim was that defendant was deprived of his constitutional right to counsel, whereas in the instant case there are other alleged constitutional violations, viz.:
1. Arrest without warrant and without probable cause in both the Federal jurisdiction and in Ohio.
2. Illegal search and seizure in Ohio.
3. Illegal detention both in Federal jurisdiction and in Ohio.
4. Failure to arraign or undue delay in arraigning before a Magistrate in both the Federal jurisdiction and in Ohio.
5. Refused aid of counsel before indictment in Ohio.
6. Inadequate representation by counsel in the Federal court on his plea of guilty.
7. Improper introduction of a confession on the trial in Ohio.
8. Not told in Federal court that it was a serious step to plead guilty in that court.
9. Not warned in the Federal court that if he should be convicted subsequently in New York State of a felony he would be subject to multiple offender treatment.
10. Was not given an opportunity to speak before sentence was imposed in Federal court.
The petition alleges these claims without being “ supported by corroborative affidavits and public records ” (People v. Cornish, supra, p. 285).
*595 In opposition to the application, the District Attorney submits an answering affidavit and submitted certified copies of Indictment No. 3963, Common Pleas Court, Erie County, Ohio and Journal Entry containing judgment of conviction thereof; and of Indictment No. 7014-C and judgment and commitment in the United States District Court for the Western District of New York.
The judgments of both the Common Pleas of Ohio and in the United States Court conclusively demonstrate that defendant was represented by counsel on his trial in Ohio and upon his plea and sentence in the Federal court. The latter also showed that defendant was given the opportunity to say why judgment should not be pronounced.
Defendant-petitioner argues that he is not in a position to supply any additional supporting papers by reason of his incarceration and this may be true. Granting him a hearing on his unsupported assertions would serve no useful purpose unless the burden is shifted to the District Attorney to now independently establish the constitutional validity of each of these prior convictions. This is not the purpose of the Cornish decision. The burden does continue to rest with the defendant-petitioner.
The instant case differs from that involved in People v. Washington (44 Misc 2d 368) recently decided by this court wherein a petition supported by certified copies of the public records showing absence of counsel in Pennsylvania was deemed sufficient either for resentence or a hearing under the Cornish decision.
Does section 1943 of the Penal Law as amended and as interpreted by People v. Cornish require that a defendant be given a hearing or that testimony would have to be heard as to procedural matters in a sister State where defendant was represented by counsel whose duty it was to protect the constitutional rights of a defendant! This question is raised herein but its resolution is not required since ‘ ‘ an application should consist of more than conclusory allegations and should recite the facts, supported by avialable affidavits ” (People v. Cornish, supra, p. 285).
The application is denied, without prejudice to a renewal upon sufficient papers.