Jasen, J.
After a jury trial in 1966, the defendant was convicted of conspiracy, third-degree burglary and, first-degree grand larceny. The District Attorney, thereafter, filed an information, pursuant to section 1943 of the former Penal Law, charging the defendant with being a fourth-felony offender. The Dutchess County Court, after a hearing, found defendant’s proof upon his claim that he was not represented by counsel at an Arkansas conviction in 1960 was not sufficient'to repudiate the proof offered by the District Attorney. Thereupon, the defendant was sentenced as a fourth-felony offender. The judgment of conviction was unanimously affirmed by the Appellate Division and leave to appeal to our court was denied.
In 1969, the defendant filed a petition for resentencing with the Dutchess County Court, alleging that the burden of proving the unconstitutionality of the prior eonvictioris had been wrongfully placed upon him at the hearing charging him with being a fourth-felony offender. The petition Was denied and the *148 Appellate Division, treating the petition as a motion for a writ of error coram nobis, unanimously affirmed the order of the County Court. Leave to appeal to our court was again denied.
On August 6,1970, the defendant filed the present petition for a writ of error coram nobis with the Dutchess County Court, wherein he reasserted his claim that the 1960 Arkansas conviction was not a constitutionally valid predicate conviction to support the fourth-felony-offender sentence, on the grounds that he had not therein been represented by counsel. This application was denied without a hearing, and upon appeal to the Appellate Division the order was affirmed.
We conclude that the burden of proof was properly placed upon the defendant at the 1966 sentencing hearing. (People v. Broderick, 43 Misc 2d 1014, app. dsmd. 24 A D 2d 638, mot. for lv. to app. den. sub nom. People ex rel. Broderick v. La Vallee, 17 N Y 2d 485; People v. Lasky, 34 A D 2d 1018; People v. Gillespie, 44 Misc 2d 592; compare former Code Crim. Pro., §§ 2-a, 470-a, subds. 6, 7; CPL 400.20, subds. 5, 6; see, also, CPL 440.30, subd. 6.)
Defendant’s reliance on Burgett v. Texas (389 U. S. 109) and its progeny is misplaced. In Burgett, the Supreme Court reversed the conviction in a Texas proceeding wherein the trial court received evidence of a prior Tennessee conviction which on its face affirmatively stated that the accused had been without counsel. While the record was silent as to waiver of the right to counsel, the court held “ [p]resuming waiver of counsel from a silent record is impermissible ” (Burgett v. Texas, supra, at pp. 114-115). This, of course, is the rule when the record clearly and affirmatively indicates that the defendant was not represented by counsel and the court is faced with the issue of determining voluntary waiver. (United States v. Forlano, 319 P. 2d 617, 619; United States v. DuShane, 435 F. 2d 187; Des Bouillons v. Burke, 418 F. 2d 297; Bryan v. Pope, 416 F. 2d 21; United States ex rel. Savini v. Jackson, 250 F. 2d 349.)
That is not the issue before us. Here, a documentary record is not silent, but clearly shows on its face that appellant was represented by counsel. The Arkansas docket specifically stated, “ Davis and [Lasky] — Plea of not Guilty — Harry Robinson appointed to defend.” A Federal District Court (United States *149 ex rel. Lasky v. La Vallee, U. S. D. C., S. D. N. Y. [Wyatt, J., June 9, 1971]), in passing on the same contentions as urged here with all relevant documents before it, ascertained that Harry C. Robinson was a practicing attorney in Little Rock at the time of the conviction and rejected the challenge to the validity of the 1960 Arkansas conviction as “ lacking in any merit ”. Furthermore, the defendant admitted at the hearing that “he talked to somebody from the Court that instructed [him] to plead guilty on particular grounds.” Thus, the formalistic recitation of the certified judgment of conviction, “in proper person ”, to which the penitentiary commitment was conformed, was superseded by the specific notations on the Arkansas docket — “ Harry Robinson appointed to defend ”— and defendant’s admission of having talked to someone at the time of his plea. On balancing the evidence brought forth by both the prosecution and the defense at the hearing, we can only conclude that the defendant failed to carry his burden of proof as required by law.
The fact that CPL 400.20 (subds. 5, 6) (formerly Code Crim. Pro., § 470-a, subds. 6, 7), places the burden of proof upon the People in determining whether a defendant should be sentenced as a persistent felony offender, does not alter the result inasmuch as the statute did not become effective until September 1, 1967, and is not retroactive in application. (See former Code Crim. Pro., § 2-a.) The provisions of this section govern the procedure to be followed at the time actual sentence is imposed (CPL 400.20, subd. 1) and do not apply to a post-conviction motion to set aside a sentence pursuant to CPL 440.20, where the defendant has the burden to show good cause for the failure to challenge the prior conviction at sentencing (CPL 400.20, subd. 6) and must carry the burden of proof as to the unconstitutionality of any prior conviction (CPL 440.30, subd. 6; cf. People v. Chait, 6 N Y 2d 855; Zovluck v. United States, 448 F. 2d 339, 341; United States ex rel. Brennan v. Fay, 353 F. 2d 56).
Accordingly, the order of the Appellate Division should be affirmed.