■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL CRUTCHFIELD, Appellant.—Levine, J. Appeal, by permission, from an order of the County Court of Albany County (Turner, Jr., J.), entered October 16, 1984, which denied defendant's motion pursuant to CPL 440.20 to set aside the sentence following his conviction of the crime of manslaughter in the first degree, without a hearing.

Defendant made the instant CPL 440.20 motion in July of 1984 to set aside the sentence on his 1977 conviction for first degree manslaughter. He maintained that he had been illegally sentenced as a predicate felon, since the basis for the sentence, a 1968 burglary conviction, had been unconstitutionally obtained. The basis for this claim is defendant's contention that, at the sentencing for the 1968 crime, he raised facts inconsistent with his plea of guilty but the sentencing court failed to inquire into them (citing *People v Serrano,* 15 NY2d 304).

County Court denied defendant's motion, interpreting it as a request to set aside the 1968 sentence which had been imposed in Schenectady County and over which the Albany County Court had no jurisdiction. On this appeal, defendant maintains that County Court erred in not considering his motion as relating to the 1977 sentence and in not conducting a hearing on the motion.

Regarding defendant's first point, his motion papers clearly set forth a request to set aside the 1977 sentence, not the 1968 sentence. However, notwithstanding County Court's error on

that point, defendant's motion was properly denied. Pursuant to CPL 400.21 (7) (b) and 400.20 (6) defendant is required to show good cause for failing to controvert his predicate felon status, and that same burden applies to a postconviction application to set aside a sentence as a predicate felon *(People v Lasky,* 31 NY2d 146, 149). However, nowhere in defendant's submission on the instant motion did he allude to his failure to raise the issue at the time of sentencing or show good cause for his failure to do so. He is thereby precluded from asserting a CPL 440.20 challenge to the 1977 sentence at this time. Since defendant's moving papers did not allege any ground constituting a legal basis for setting aside his sentence, a hearing was unnecessary (CPL 440.30 [4] [a]).

Order affirmed. Kane, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.