■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALTER J. POLOWCZYK, Appellant.—Appeal by the defendant, (1) as limited by his brief, from a sentence of the Supreme Court, Suffolk County (D'Amaro, J.), imposed October 15, 1987, upon his conviction of attempted sexual abuse in the first degree, upon his plea of guilty, the sentence being an indeterminate term of 2 to 4 years' imprisonment as a second felony offender, and (2), by permission, from an order of the same court (Mullen, J.), dated May 3, 1989, which denied his motion pursuant to CPL 440.20 to set aside the sentence.

Ordered that the sentence and order are affirmed.

Contrary to the defendant's contention, he could have contested the propriety of his adjudication as a second felony offender on the ground that the 10-year time limitation on the use of prior felonies for the purpose of enhancing punishment (Penal Law § 70.06 [1] [b] [iv]) should not have been extended pursuant to the tolling provision of Penal Law § 70.06 (1) (b) (v) by the period of time during which he was incarcerated after being denied parole. Having failed to timely raise this issue, he has failed to preserve it for appellate review *(see, People v Smith,* 73 NY2d 961; *People v Oliver,* 63 NY2d 973; *People v Jackson,* 151 AD2d 781; *People v Blackwell,* 151 AD2d 686). Nor should the defendant's postconviction application to set aside the sentence serve to preserve the issue of the propriety of his adjudication as a second felony offender where he offers no good reason for having failed to controvert his predicate felony status prior to sentencing *(cf., People v Lasky,* 31 NY2d 146, 149; *People v Crutchfield,* 115 AD2d 189), and we decline to reach the issue in the exercise of our interest of justice jurisdiction *(see, Matter of Russo v New York State Bd. of Parole,* 50 NY2d 69, 73; *People ex rel. Herbert v New York State Bd. of Parole,* 97 AD2d 128; *cf., People v Cappucci,* 94 AD2d 746; *People v Ostin,* 62 AD2d 1004).

The sentence was lawfully imposed pursuant to a negotiated plea agreement and, therefore, the defendant should not now be heard to complain that it is unduly harsh and excessive. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.