(February 23, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKY VINES, Appellant. [26 NYS3d 32]—

Judgment, Supreme Court, New York County (Laura Ward, J.), rendered on April 1, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender, to a term of 1½ years, and order, same court and Justice, entered on or about April 2, 2014, which denied defendant's CPL 440.20 motion to set aside the sentence, unanimously affirmed.

Defendant's claim that his out-of-state felony conviction was not the equivalent of a New York felony, and thus could not serve as a predicate for enhanced sentencing, is unpreserved and waived with respect to all aspects of this appeal (*see People v Smith*, 73 NY2d 961 [1989]; *People v Kelly*, 65 AD3d 886, 887 [1st Dept 2009], *lv denied* 13 NY3d 860 [2009]; *People v Polowczyk*, 157 AD2d 865 [2d Dept 1990], *lv denied* 75 NY2d 922 [1990]), and we decline to review it in the interest of justice. As an alternative holding, we conclude that the requisite equivalency has been established by such portions of the record of the foreign criminal conviction that were "necessary to the determination of guilt," and "describe[d] the particular act . . . underlying the charge" to the extent required to "isolate and identify the statutory crime" (*People v Muniz*, 74 NY2d 464, 468-469 [1989]).

We have considered and rejected defendant's ineffective assistance of counsel claim. Counsel's determination that there was no valid ground upon which to challenge the second felony offender adjudication was within "the wide range of professionally competent assistance" (*Strickland v Washington*, 466 US 668, 690 [1984]; *see also People v Crippa*, 245 AD2d 811 [1997], *lv denied* 92 NY2d 850 [1998]). Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.