# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

711

KA 13-00944

PRESENT: WHALEN, P.J., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

CHRISTOPHER YOUNG, DEFENDANT-APPELLANT.

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT.

CHRISTOPHER YOUNG, DEFENDANT-APPELLANT PRO SE.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Monroe County (Francis A. Affronti, J.), dated May 13, 2013. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20.

It is hereby ORDERED that the order so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from an order denying his motion to set aside his sentence pursuant to CPL 440.20, contending that he was improperly sentenced to consecutive terms of imprisonment for the intentional murder of two victims because the People failed to prove at trial that the victims were killed by separate bullets. The proof at trial tends to support defendant's contention that he fired only three bullets in the fatal interaction, and that the first victim, the owner of the store where the murders occurred, was struck by all three bullets. It also appears that the second victim, a young woman standing behind the owner, was struck by one of the bullets that also struck the owner. The record does not conclusively establish, however, that the single bullet that was fatal to the young woman, which was from the first shot taken by defendant, was also fatal to the owner. Indeed, a witness who was present in the store at the time of the shooting testified that the first shot struck the young woman, and that defendant thereafter moved toward the owner and fired two more shots at him, seemingly indicating that defendant did not believe that his first shot was fatal to the owner.

Although on defendant's direct appeal the burden would have been on the People to prove that consecutive sentencing was legal (*see*

*People v Taveras*, 12 NY3d 21, 25; *People v Parks*, 95 NY2d 811, 814-815; *People v Laureano*, 87 NY2d 640, 643), defendant did not raise that issue on his direct appeal.  On this CPL 440.20 motion to set aside the sentence, the burden is on defendant to prove, by a preponderance of the evidence, that the consecutive sentencing was not authorized (*see generally People v Lasky*, 31 NY2d 146, 149).  CPL 440.30 (4) (b) allows a court to deny a motion to set aside a sentence without a hearing if the motion "is based upon the existence or occurrence of facts and the moving papers do not contain sworn allegations substantiating or tending to substantiate all the essential facts."  Here, defendant's motion papers do not contain sworn allegations tending to substantiate the "essential fact" on which his motion rests, i.e., that the single bullet that killed the young woman also killed the owner, and that the murders were therefore the result of a single act, requiring the imposition of concurrent sentences (*see People v Brathwaite*, 63 NY2d 839, 843; *People v Scandell*, 143 AD2d 423, 423-424, *lv denied* 73 NY2d 790, *cert denied* 489 US 1080; *cf. People v Luster*, 148 AD2d 305, 306, *lv denied* 74 NY2d 666).  Thus, we conclude that Supreme Court properly denied defendant's motion without a hearing.

Finally, defendant's contention that his sentence is unduly harsh and severe is not properly before us because such a contention "may not be raised on a CPL 440.20 motion" (*People v Jean-Louis*, 74 AD3d 1481, 1483, *lv denied* 15 NY3d 953).

Entered:  October 7, 2016                    Frances E. Cafarell
                                             Clerk of the Court