People v Ramsey (2018 NY Slip Op 07581)





People v Ramsey


2018 NY Slip Op 07581


Decided on November 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND TROUTMAN, JJ.


1078 KA 17-00161

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL F. RAMSEY, DEFENDANT-APPELLANT. 






ROSALYN B. AKALONU, NEW CITY, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Monroe County Court (Douglas A. Randall, J.), entered November 28, 2016. The order denied the motion of defendant to set aside his sentence pursuant to CPL 440.20. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from an order that denied his motion pursuant to CPL 440.20 seeking to set aside the sentence imposed upon his conviction of, inter alia, three counts each of attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [2]) and criminal possession of a weapon in the second degree
(former § 265.03), and one count of criminal possession of a weapon in the third degree (former § 265.02 [4]). Defendant was sentenced on that conviction to concurrent and consecutive terms of imprisonment amounting to an aggregate term of 25 to 50 years, after being reduced by operation of law (see Penal Law § 70.30 [1] [e] [i], [vi]). Defendant's conviction stems from his armed robbery of a market, during which he shot a cashier. We previously affirmed the judgment of conviction (People v Ramsey, 199 AD2d 985 [4th Dept 1993], lv denied 83 NY2d 857 [1994]), and now conclude that defendant has not met his burden of proving by a preponderance of the evidence that the consecutive sentencing was "unauthorized, illegally imposed or otherwise invalid as a matter of law" (CPL 440.20 [1]; see People v Young, 143 AD3d 1242, 1243 [4th Dept 2016], lv denied 28 NY3d 1128 [2016]). We therefore conclude that County Court properly denied the motion, and thus we affirm.
Contrary to defendant's contention, the court properly directed that the sentences imposed for the two counts of attempted robbery in the first degree related to the cashier shall run consecutively to the sentence imposed for another count of that crime related to the second victim (see generally Penal Law § 70.25 [2]; People v Couser, 28 NY3d 368, 384-385 [2016]; People v Salamone, 89 AD3d 961, 962 [2d Dept 2011], lv denied 18 NY3d 928 [2012], reconsideration denied 18 NY3d 997 [2012]). The record establishes that defendant shot the cashier outside the presence of the second victim and, only after that shooting was completed, threatened and demanded money from the second victim while displaying a firearm. It is not illegal to impose consecutive sentences where, as here, each crime "was a separate and distinct act committed against a separate victim" (Salamone, 89 AD3d at 962; see People v Laureano, 87 NY2d 640, 643 [1996]).
We further conclude that the remaining consecutive sentences imposed on the criminal possession of a weapon counts were lawful. Defendant failed to show by a preponderance of the evidence that the three counts of criminal possession of a weapon in the second degree (Penal Law § 265.03) involved the same intent, and thus the court also properly denied the motion to that extent (see generally People v Okafore, 72 NY2d 81, 87 [1988]; Young, 143 AD3d at 1243). Additionally, inasmuch as criminal possession of a weapon in the third degree (former § 265.02 [*2][4]) has no intent element and requires only knowing possession, "the issue of whether consecutive sentences require separate unlawful intents . . . is not implicated" (People v Harris, 96 AD3d 502, 503 [1st Dept 2012], affd 21 NY3d 739 [2013]). We have examined defendant's remaining contentions and conclude that they are without merit.
Entered: November 9, 2018
Mark W. Bennett
Clerk of the Court