THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD ORTIZ, Appellant. [797 NYS2d 77]—

Judgment, Supreme Court, Bronx County (Martin Marcus, J.), rendered January 31, 2003, convicting defendant, after a jury trial, of rape in the second degree and sexual abuse in the first degree, and sentencing him, as a second violent felony offender, to concurrent terms of 3½ to 7 years and 7 years, respectively, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and sentence, and remanding the matter for further proceedings, and otherwise affirmed.

The court properly declined to resubmit the case to the jury after it returned a verdict acquitting defendant of first-degree rape but convicting him of second-degree rape and sexual abuse in the first degree. Defendant's repugnancy claim is unavailing since it is based on an analysis of the trial testimony rather than the court's charge (see *People v Tucker*, 55 NY2d 1, 8 [1981]). Defendant was charged with committing two different acts during the course of the same sexual encounter, and the jury's finding that forcible compulsion was present in one act but not the other is not inherently inconsistent (see *People v Goodfriend*, 64 NY2d 695, 697 [1984]; *People v Parra*, 265 AD2d 172 [1999], *lv denied* 94 NY2d 827 [1999]).

The record establishes that defendant received effective assis-

tance of counsel (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defense counsel made effective use of the lack of any incriminating DNA or other scientific evidence, and there is no indication that consulting a DNA expert or further investigating this aspect of the case would have provided any benefit to defendant, or that counsel's handling of this issue prejudiced defendant's defense.

The court properly denied defendant's request for a missing witness charge on the ground that the uncalled witness's testimony would have been cumulative to other evidence (*see People v Gonzalez*, 68 NY2d 424, 427-428 [1986]).

Defendant was improperly sentenced as a second violent felony offender because, even with the tolling period relied upon by the People in their predicate felony statement, defendant's predicate offense occurred more than 10 years before the instant offense. Accordingly, the second felony offender adjudication and sentence must be vacated and the matter remanded for further proceedings as to whether defendant is a second felony offender (*People v Stanley*, 12 AD3d 467 [2004]; *People v Johnson*, 196 AD2d 408, 410 [1993], *lv denied* 82 NY2d 806 [1993]), including the filing by the People of a proper predicate felony statement (*see People v Artis*, 236 AD2d 549 [1997]; *see also People v Scarbrough*, 66 NY2d 673 [1985]; *People v Hunt*, 162 AD2d 782 [1990], *affd* 78 NY2d 932 [1991], *cert denied* 502 US 964 [1991]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Friedman, Nardelli and Williams, JJ.