[861 NE2d 68, 828 NYS2d 253]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EZIKEL Ross, Appellant.

Argued November 15, 2006; decided December 14, 2006

## APPEARANCES OF COUNSEL

*Legal Aid Bureau of Buffalo, Inc.*, Buffalo (*Timothy P. Murphy, David C. Schopp* and *Barbara J. Davies* of counsel), for appellant.

*Frank J. Clark, District Attorney*, Buffalo (*Tina Marie Stanford, Shawn P. Hennessy* and *J. Michael Marion* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed.

Defendant, serving a 20-year sentence for rape in the first degree and robbery in the first degree, was arrested for possession of a "shank" while incarcerated at Wende Correctional Facility. Indicted for promoting prison contraband in the first degree and criminal possession of a weapon in the third degree, he pleaded guilty to attempted criminal possession of a weapon in the third degree in satisfaction of the indictment. At the plea allocution, defendant agreed to be sentenced as a second felony offender. When the People failed to submit a predicate felony statement (*see* CPL 400.21 [2]) to the same judge at sentencing, defendant waived receipt of the statement and, upon questioning by the judge, declined to contest his predicate felonies. The judge proceeded to sentence him, as a second felony offender, to a term of 1½ to 3 years.

Defendant now maintains that his sentence was illegally imposed. In order to be lawfully sentenced as a second felony offender, a defendant must have been convicted of a predicate felony, as defined in Penal Law § 70.06 (1) (b) (i), within 10 years of the commission of the present felony, subject to tolling for any periods of incarceration (*see* Penal Law § 70.06 [1] [b] [iv], [v]). Because information before the sentencing court established that defendant had been convicted of a known and identified felony within the time required by the statute, his waiver of his rights to receive a predicate felony statement and to controvert its allegations (*see* CPL 400.21 [2], [3]) was valid.

Defendant's remaining contentions are without merit.

Chief Judge KAYE and Judges CIPARICK, ROSENBLATT, GRAFFEO, READ and SMITH concur; Judge PIGOTT taking no part.

Order affirmed in a memorandum.