■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS BENNETT, Appellant. [845 NYS2d 757]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ferdinand, J.), rendered March 7, 2006, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California,* 386 US 738 [1967]; *People v Paige,* 54 AD3d 631 [1976]; *cf. People v Gonzalez,* 47 NY2d 606 [1979]). Crane, J.P., Ritter, Fisher, Covello and Dickerson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO COLLAZO, Appellant. [845 NYS2d 757]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered March 8, 2006, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The decision whether to permit a defendant to withdraw a previously-entered plea of guilty rests within the sound discretion of the court (*see People v DeLeon,* 40 AD3d 1008, 1008-1009 [2007], *lv denied* 9 NY3d 874 [2007]; *People v Mann,* 32 AD3d 865, 866 [2006]; *People v Turner,* 23 AD3d 503 [2005]; *People v Watson,* 13 AD3d 402, 403 [2004]). Here, the record reflects that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered (*see People v Garcia,* 92 NY2d 869, 870 [1998]; *People v Harris,* 61 NY2d 9, 17-19 [1983]). Accordingly, the County Court providently exercised its discretion in denying the defendant's motion to withdraw his plea of guilty.

Moreover, the defendant received the effective assistance of counsel (*see People v Benevento,* 91 NY2d 708, 712 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]). Goldstein, J.P., Fisher, Carni and McCarthy, JJ., concur.