■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ANTONIO, Appellant. [872 NYS2d 17]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), entered June 13, 2006, convicting defendant, after a jury trial, of attempted kidnapping in the second degree and endangering the welfare of a child, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

Defendant encountered the complainant, an 11-year-old girl, in a restaurant. He offered to pay for the girl's food, told her she was pretty and asked about her grades at school. The girl ignored him and left the restaurant, but defendant followed her. Sensing his presence, she began to run up the street calling for help, and defendant ran after her. The girl ran, screaming, towards an adult bystander, who grabbed her protectively and, at the same time, attempted to ward off defendant. Undeterred, defendant went behind the bystander and grabbed at the girl's hand. The bystander asked defendant if he was the girl's father, and he falsely claimed that he was. When a police car passed by, defendant fled the scene.

The evidence was legally sufficient. To obtain a conviction for attempted kidnapping in the second degree, the People are required to establish that defendant intended to "abduct" the complainant (Penal Law § 135.20). "Abduct" is defined as "restrain[ing] a person with intent to prevent [her] liberation by . . . secreting or holding [her] in a place where [she] is not likely to be found." (Penal Law § 135.00 [2] [a].)

The jury could reasonably have inferred from defendant's actions that he attempted to abduct the child. By telling the man who was trying to protect the girl that he, defendant, was the girl's father, defendant evinced his desire to gain control over the girl. By reaching out for the girl's hand, he demonstrated his intention to restrain her. And, because he knew that the girl not only did not welcome his advances, but had run from him and screamed for help, it was not unreasonable for the jury to conclude that whatever defendant intended to do with the girl once she was restrained would not be done in public (*see People v Cassano*, 254 AD2d 92 [1998], *lv denied* 92 NY2d 1029 [1998]).

We also find that the verdict was not against the weight of the evidence. Concur—Mazzarelli, J.P., Friedman, Nardelli, Buckley and Freedman, JJ.