■ The People of the State of New York, Respondent, v John C. Kelly, Appellant. [885 NYS2d 52]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered November 1, 2007, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of six years, affirmed. Order, same court and Justice, entered on or about December 8, 2008, that denied defendant's motion pursuant to CPL 440.10 and 440.20 to vacate the judgment and set aside the sentence, affirmed.

On October 11, 2007, defendant appeared with counsel and pleaded guilty, pursuant to a plea agreement, to attempted robbery in the second degree. At the plea proceeding, defendant was adjudicated a second violent felony offender because of a prior Maryland conviction for the crime of abducting a child under 12 years old. Defendant admitted to the Maryland conviction, and, after conferring with counsel, answered in the negative when asked if he was making a constitutional challenge to the Maryland conviction. The Clerk then arraigned defendant

on the predicate violent felony statement that alleged, inter alia, that the Maryland conviction represented "an offense which includes all of the essential elements of a violent felony as that term is defined in Penal Law § 70.02."

On July 8, 2008, defendant moved, pursuant to CPL 440.10 and 440.20, to vacate his conviction and set aside his sentence, claiming that he was actually not a predicate violent felony offender, that he pleaded guilty under the mistaken belief he was and that his guilty plea was therefore involuntary. Defendant also claimed that his attorney was ineffective for not challenging his predicate violent felony adjudication at the plea proceeding.

Because defendant failed, during the plea proceedings, to raise the issue of whether the statute under which he was convicted in Maryland is the equivalent of a New York violent felony, defendant has waived that issue (*People v Smith*, 73 NY2d 961 [1989]). As the Court of Appeals noted in *People v Samms* (95 NY2d 52, 57 [2000]): "Determining whether a particular out-of-State conviction is the equivalent of a New York felony may involve production and examination of foreign accusatory instruments and, conceivably, the resolution of evidentiary disputes, all in the context of comparisons with the law of other jurisdictions. In keeping with the rule of preservation, issues of that type must be raised and explored at the trial court level, where a record is developed for appellate review" (citations omitted). Here, defendant pleaded guilty after a negotiated plea deal and declined the opportunity to challenge the prior Maryland conviction as the basis for the predicate violent felony. Because of the plea agreement, defendant received substantially less of a prison sentence than he would have had he gone to trial and been found guilty. We will not set aside this bargain, the product of careful negotiations between the People and defendant's counsel, merely because of defendant's belated argument that the Maryland conviction did not constitute a predicate violent felony under New York law.*

As an alternative holding, we find that defendant was properly adjudicated a second violent felony offender. Defendant claims that the court should not have sentenced him as a second violent felony offender primarily because: (1) his out-of-state conviction in Maryland is not equivalent to a New York violent

---

* Our recent decision in *People v Bennett* (60 AD3d 478 [2009]) has no bearing on this appeal. In that case, the People did not argue waiver and conceded that the defendant was improperly sentenced and we found their argument that defendant's exposure as a predicate felon did not affect his plea to be speculative.

felony and (2) the People's predicate felony statement failed to set forth any tolling periods while relying on a conviction that was more than 10 years old.

Penal Law § 70.04 (1) (a) states, "A second violent felony offender is a person who stands convicted of a violent felony offense . . . after having previously been subjected to a predicate violent felony conviction." Penal Law § 70.04 (1) (b) states: "For the purpose of determining whether a prior conviction is a predicate violent felony conviction the following criteria shall apply: (i) The conviction must have been . . . of an offense which includes all of the essential elements of [a New York violent] felony." Thus, "[t]o determine whether a foreign crime is equivalent to a New York felony the court must examine the elements of the foreign statute and compare them to an analogous Penal Law felony" (*People v Gonzalez*, 61 NY2d 586, 589 [1984]; *see also People v Muniz*, 74 NY2d 464, 467-468 [1989]). However, if the foreign statute "renders criminal not one act but several acts which, if committed in New York, would in some cases be felonies and in others would constitute only misdemeanors," the court may "go beyond the statute and scrutinize the [foreign] accusatory instrument" (*Gonzalez* at 590-591; *see also Muniz* at 468).

The Maryland statute under which defendant was convicted states: "Any person who shall without the color of right forcibly abduct, take or carry away any child under the age of twelve years from the home or usual place of abode of such child, or from the custody and control of the parent or parents, or lawful guardian or guardians of such child, or be accessory thereto, or who shall without such color of right and against the consent of the parent or parents or lawful guardian or guardians of such child, persuade or entice from the usual place of abode or house of such child, or from the custody and control of the parent or parents, or guardian or guardians of such child, or be accessory thereto, or shall knowingly secrete or harbor such child, or be accessory thereto, with the intent to deprive such parent or parents, guardian or guardians, or any person who may be in lawful possession of such child, of the custody, care and control of such child, shall be guilty of a felony, and upon conviction shall suffer imprisonment in the penitentiary for a term not exceeding twenty years, in the discretion of the court." (Md Ann Code of 1957, art 27, § 2 [repealed by Acts 2002, ch 26, § 1 (eff Oct. 1, 2002)].)

By comparison, Penal Law § 135.20 states "[a] person is guilty of kidnapping in the second degree when he abducts another person." Penal Law § 135.00 (2) defines "abduct" as "to re-

strain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force."

Defendant's Maryland conviction easily qualifies as a New York felony. Maryland's former crime of abducting a child under 12 by forcibly taking a child from his or her home or parents is equivalent to the New York felony of second-degree kidnapping (*see People v Antonio*, 58 AD3d 515 [2009] [evidence was sufficient to support conviction for attempted second-degree kidnapping where defendant, in pursuit of frightened child, told bystander from whom child sought protection that he was child's father and reached out for her hand, evincing intent to restrain her]; *People v Cassano*, 254 AD2d 92, 93 [1998], *lv denied* 92 NY2d 1029 [1998] [defendant's actions in grabbing two-year-old child from custody of his uncle and walking swiftly into crowded street demonstrated intent to abduct victim sufficient for a conviction of attempted kidnapping in the second degree]).

To establish a predicate felony, Penal Law § 70.04 also requires that imposition of the sentence on the prior conviction be "not more than ten years before commission of the felony of which the defendant presently stands convicted." (Subd [1] [b] [iv].) It further provides that in calculating the ten-year period "any period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony shall be excluded and such ten year period shall be extended by a period or periods equal to the time served under such incarceration" (Penal Law § 70.04 [1] [b] [iv], [v]).

Defendant does not dispute that in fact his incarceration was long enough that the prior sentence was imposed within the 10-year limitation. Instead, he contends that the predicate violent felony statement the People filed was facially defective because the Maryland conviction the statement identifies occurred more than 10 years before the present felony, and the statement does not set forth a term of incarceration that could be used to toll the 10-year limitation period. However, defendant failed to raise the claim that the predicate felony statement was facially insufficient because it omitted tolling information at the time of his original predicate felony adjudication. Thus, this claim is unpreserved for review (*People v Ross*, 7 NY3d 905 [2006]; *People v Smith*, 73 NY2d 961 [1989]; *People v Bouyea*, 64 NY2d 1140 [1985]). Moreover, as the record reflects that defendant's period of incarceration related to the Maryland case satisfied

the 10-year limitation period, any failure to list the tolling period on the predicate violent felony statement was harmless (*see Bouyea*, 64 NY2d at 1142).

As defendant's challenges to his sentencing as a second violent felony offender lack merit, his first counsel was not ineffective for failing to raise them.

We have considered defendant's remaining contentions and find them unavailing. Concur—Saxe, J.P., Moskowitz and Acosta, JJ.

Buckley and McGuire, JJ., concur in a separate memorandum by McGuire, J., as follows: Defendant's challenges to his adjudication as a second violent felony offender on the basis of the Maryland conviction are not preserved for review due to his failure to controvert any of the allegations in the predicate violent felony offender statement filed by the People (CPL 400.15 [3] ["Uncontroverted allegations in the statement shall be deemed to have been admitted by the defendant"]; *cf.* CPL 400.15 [7] [b] ["Failure to challenge the previous conviction in the manner provided herein constitutes a waiver on the part of the defendant of any allegation of unconstitutionality unless good cause be shown for such failure to make timely challenge"]). Moreover, as the majority correctly holds, defendant's *claim that he need not preserve for review his claim that the* Maryland conviction is not equivalent to a felony in New York is refuted by *People v Smith* (73 NY2d 961 [1989]). In *Smith*, the Court held that because the defendant failed timely to controvert the allegations of the predicate felony statement, "any question concerning whether defendant's prior conviction of kidnapping under 18 USC § 1201 is equivalent to his conviction of a felony in New York has not been preserved for our review" (*id.* at 963).

Nor are defendant's other challenges— (1) that the Maryland conviction occurred more than 10 years before the present offense and the statement failed to allege any tolling periods, and (2) that the statement miscited the Maryland statute—preserved for review. In contrast to the sequentiality claim that the Court of Appeals held did not need to be preserved for review by timely objection (*People v Samms*, 95 NY2d 52 [2000]), the validity of these challenges cannot "be determined from the face of the appellate record" so that "[n]o resort to outside facts, documentation or foreign statutes is necessary" (*id.* at 57). Unlike the sequentiality challenge in *Samms*, in this case a lack of sentencing authority is not "manifest" "[w]hen the [predicate violent felony offender] statement is considered along with other informa-

tion the court had before it" (*id.* at 58). Rather, defendant's challenges present "issues of [the] type [that] must be raised and explored at the trial court level, where a record is developed for appellate review" (*id.* at 57).

*People v Ross* (7 NY3d 905 [2006]) provides additional support for the People's position that defendant waived his claim that the second violent felony offender statement was defective because, contrary to the mandate of CPL 400.15 (2), it did not "set forth . . . the place of imprisonment for each period of incarceration to be used for tolling of the ten year limitation set forth in subparagraph (iv) of paragraph (b) of [Penal Law § 70.04 (1)]." In *Ross*, contrary to the statutory requirement that "a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate felony conviction" (CPL 400.21 [2]), the People failed to file *any* predicate felony statement (7 NY3d at 906). At the plea proceeding, however, "defendant waived receipt of the statement and, upon questioning by the judge, declined to contest his predicate felonies" (*id.*).

On these facts, the Court of Appeals held that "[b]ecause information before the sentencing court established that defendant had been convicted of a known and identified felony within the time required by the statute, his waiver of his rights to receive a predicate felony statement and to controvert its allegations (*see* CPL 400.21 [2], [3]) was valid" (*id.*). Here, the People did file a second violent felony offender statement and defendant, "upon questioning by the judge, declined to contest" the allegation that he was a second violent felony offender. To be sure, defendant did not expressly state in haec verba that he was waiving any claim that the 10-year limitation period had not been satisfied. But the possible applicability of the limitation period not only was apparent from the face of the statement, but the court expressly raised the issue of the limitation period after defendant was arraigned on the statement. After conferring with counsel, defendant himself expressly declined to controvert the allegation that he was a second violent felony offender. Moreover, defendant's argument that the second violent felony offender statement is fatally defective because CPL 400.15 (2) states that the statement "shall" set forth the facts relating to any period of incarceration to be used for tolling purposes, proves too much. The same statute also states that "[u]ncontroverted allegations in the statement *shall* be deemed

to have been admitted by the defendant" (CPL 400.15 [3] [emphasis added]).[1]

The conclusion that defendant cannot obtain relief on the basis of these belated challenges (absent an exercise of our interest of justice jurisdiction), is supported as well by the core purposes of the contemporaneous-objection rule embodied in CPL 470.05 (2)—promoting finality and preventing gamesmanship and the waste of judicial resources through the requirement of a specific and timely objection (*see People v Lopez*, 71 NY2d 662, 665 [1988]; *People v Dekle*, 56 NY2d 835, 837 [1982])—and a central purpose of plea bargaining—to "mark[ ] the end of a criminal case, not a gateway to further litigation" (*People v Taylor*, 65 NY2d 1, 5 [1985]). At the time of the guilty plea, when defendant was arraigned on and failed to controvert the allegations of the predicate violent felony offender statement, he had powerful incentives not to challenge the statement's allegations. Had he challenged them, he may have imperiled the plea bargain, thereby exposing himself to the risk of being convicted after trial of the top count of the indictment, a class B violent felony offense for which a maximum sentence of 25 years is authorized even if defendant is not a second violent felony offender (Penal Law § 70.02 [3] [a]).[2] Under these circumstances, it makes no sense to permit defendant to wait more than six months after sentencing to raise for the first time these challenges to his adjudication as a second violent felony offender. Regardless of whether the delay in this case would have prejudiced the People's ability to prosecute defendant, permitting a defendant to raise such challenges for the first time in a CPL 440.10 or a CPL 440.20 motion would prejudice the People in at least some cases. After all, no provision of CPL 440.10 or CPL 440.30 would require these challenges to be made

---

1. As the People argue, moreover, in *People v Sullivan* (153 AD2d 223, 231-233 [1990], *lv denied* 75 NY2d 925 [1990]), a panel of the Second Department held that by not controverting the allegations of the predicate felony statement, the defendant had failed to preserve his appellate claim that the statement was defective because it failed to set forth the information necessary to determine whether the 10-year limitation had been satisfied. In the cases cited by defendant in which this Court has discussed this limitation period, this Court did not address the issue of whether the defendant had waived his claim that the limitation period had not been satisfied (*see e.g. People v Ortiz*, 19 AD3d 281 [2005], *lv denied* 5 NY3d 809 [2005]; *People v Johnson*, 196 AD2d 408 [1993], *lv denied* 82 NY2d 806 [1993]). *People v Mendoza* (207 AD2d 715 [1994]) and *People v Rodriguez* (191 AD2d 287 [1993], *lv denied* 81 NY2d 1019 [1993]), other cases cited by defendant, are not relevant as they involve sequentiality claims.

2. For this reason, I would not review defendant's challenges in the interest of justice.

within a particular time period or even that they be prosecuted diligently. Defendant could have raised these challenges when he was arraigned on the second violent felony offender statement, but failed both to do so and to offer good cause for that failure. Accordingly, we should give effect to the statutory directive that "[w]here a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in *any* future proceeding in which the issue may arise" (CPL 400.15 [8] [emphasis added]; *see generally People v Crippa*, 245 AD2d 811 [1997], *lv denied* 92 NY2d 850 [1998]; *People v Polowczyk*, 157 AD2d 865 [1990], *lv denied* 75 NY2d 922 [1990]).

In my view, because defendant has waived these claims that the sentence is illegal, i.e., his claims that he is not a second violent felony offender, he also has waived the claim that the plea was involuntary because of a "mistaken" belief that he was a second violent felony offender. If defendant's claims that he is not a second violent felony offender must be deemed meritless, his claim that he pleaded guilty because of a "mistaken" belief that he was such an offender also must be deemed meritless. In this regard, I agree with the majority that *People v Bennett* (60 AD3d 478 [2009]) is not to the contrary, as the People did not argue, either when the defendant moved to vacate the sentence or on appeal, that he had waived his claim that he was not a second felony offender. Rather, the People conceded that the defendant was improperly adjudicated a predicate felon.

Unlike the majority, I see no reason to reach the merits of defendant's untimely challenges to his adjudication as a second violent felony offender. Defendant's failure to controvert the allegations of the statement is a sufficient ground for rejecting those challenges, and the important goals of finality, conservation of judicial resources and prevention of gamesmanship are furthered by not reviewing the merits.

Finally, defendant is not entitled to any relief on his claims that his counsel was ineffective because (1) she failed to challenge the allegation that he was a second violent felony offender, and (2) at a pretrial hearing, she "spoke out against defendant's pro se motion to have her relieved and effectively called him a liar" and later "announced that her client had threatened her and that communications had broken down." In his CPL 440.10 motion, defendant never raised either claim, and he thus "has failed to show 'the absence of strategic or other legitimate explanations' for the various aspects of counsel's conduct challenged on appeal (*People v Rivera*, 71 NY2d 705, 709 [1988])" (*People v Holman*, 14 AD3d 443, 443 [2005], *lv denied* 4 NY3d 887 [2005]). As noted above, with respect to the first of these

claims of ineffective assistance of counsel, the existing record makes clear that counsel could have believed that it was not in defendant's best interest to challenge the allegation that he was a second violent felony offender as such a challenge might have jeopardized a favorable plea bargain. Moreover, the existing record does not exclude the possibility that counsel discussed this very concern with defendant prior to or during the plea proceeding. Whether under different circumstances, such as when a defendant is pleading guilty to the top count of an indictment, the failure to controvert a predicate felony offender statement might support a claim of ineffective assistance of counsel, is a matter we need not address.