■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAYNES, Appellant. [893 NYS2d 284]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hudson, J.), rendered July 30, 2008, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that his adjudication as a persistent violent felony offender was invalid because the predicate statement filed by the People failed to set forth any tolling periods, while relying on a conviction that was more than 10 years old (*see* CPL 400.15 [2]). However, his valid waiver of his right to appeal precludes him from challenging the legality of the proce-

dure used in sentencing him as a persistent violent felony offender (*see People v Lassiter*, 48 AD3d 700 [2008]; *People v Backus*, 43 AD3d 409, 410 [2007]). Further, the defendant's contention that the omission of the tolling information rendered his plea less than knowing, voluntary, and intelligent is unpreserved for appellate review because he did not move to withdraw his plea on this basis (*see People v Clarke*, 93 NY2d 904, 906 [1999]; *People v Velez*, 64 AD3d 799 [2009]; *People v Bolton*, 63 AD3d 1087 [2009]; *People v Kornegay*, 60 AD3d 696 [2009]). In any event, the defendant does not dispute that his incarceration was long enough that the prior sentence was imposed within the 10-year limitation period. Under the circumstances, the omission of the tolling information in the statement was harmless (*see People v Bouyea*, 64 NY2d 1140, 1142 [1985]; *People v Kelly*, 65 AD3d 886, 889 [2009], *lv denied* 13 NY3d 860 [2009]; *People v Whaley*, 44 AD3d 1079 [2007]).

The defendant's valid waiver of his right to appeal precludes review of his contention that his adjudication as a persistent violent felony offender violated the principles announced in *Apprendi v New Jersey* (530 US 466 [2000]; *see People v Andre L.*, 18 AD3d 575, 576 [2005]).

The defendant's valid waiver of his right to appeal also precludes appellate review of his contention that he was denied the effective assistance of counsel, except to the extent that the alleged ineffective assistance of counsel may have affected the voluntariness of his plea (*see People v Perazzo*, 65 AD3d 1058, 1059 [2009]; *People v Velez*, 64 AD3d 799 [2009]). Moreover, to the extent the contention is premised on his attorney's alleged failure to investigate, it involves matter dehors the record and is not properly presented on direct appeal (*see People v Gallo*, 54 AD3d 964, 965 [2008]; *People v Holland*, 44 AD3d 874 [2007]). To the extent that the claim can be reviewed, and involves an alleged effect on the voluntariness of his plea of guilty, the defendant was afforded meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Ford*, 86 NY2d 397, 404 [1995]). Skelos, J.P., Santucci, Dickerson and Roman, JJ., concur.