■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE EVANS, Also Known as E-MONEY, Appellant. [930 NYS2d 493]—

Malone Jr., J.

In satisfaction of three pending indictments and other charges, defendant pleaded guilty to attempted burglary in the second degree and assault in the second degree and further waived his right to appeal. As part of the plea agreement, defendant also admitted to a number of prior convictions in order to be sentenced as a persistent violent felony offender. County Court accordingly sentenced defendant to an aggregate prison term of 15 years to life—within the range contemplated by the plea agreement—and he now appeals.

We affirm. To constitute a persistent violent felony offender, defendant must have been sentenced upon two predicate violent felony convictions "not more than ten years before commission of the felony of which [he] presently stands convicted" (Penal Law § 70.04 [1] [b] [iv]; see Penal Law § 70.08 [1] [a]). Sentencing in the predicate convictions here did not fall within that period, and defendant attacks the People's failure to allege, and County Court's failure to expressly find, that the period was sufficiently tolled by his intervening incarceration (see CPL 400.15, 400.16 [2]; Penal Law § 70.04 [1] [b] [v]; § 70.08 [1] [a]). As this argument relates solely to the procedures employed in determining defendant's sentence, it is both precluded by his valid appeal waiver (see People v Callahan, 80 NY2d 273, 280-281 [1992]; People v Haynes, 70 AD3d 718, 718-719 [2010], lv denied 15 NY3d 751 [2010]) and unpreserved given his failure to raise it before County Court (see People v Proctor, 79 NY2d 992, 994 [1992]; People v Kelly, 65 AD3d 886, 889 [2009], lv denied 13 NY3d 860 [2009]). Regardless, any error is harmless, as the record demonstrates that the prior sentences were imposed within the requisite period given defendant's prolonged intervening incarceration (see People v Haynes, 70 AD3d at 719; People v Kelly, 65 AD3d at 889-890; People v Buel, 53 AD3d 930, 932 [2008]).

Mercure, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.