■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY D. KOSSE, Appellant. [941 NYS2d 847]—

Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Sullivan, J.), rendered March 1, 2011, convicting him of robbery in the second degree (two counts) and criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was deprived of his right to the effective assistance of counsel when his attorney took a position adverse to him with respect to his pro se application to withdraw his plea of guilty. The record demonstrates, however, that the Supreme Court denied the application before counsel made her comments. Consequently, those comments did not deprive the defendant of his right to effective representation (*see People v Rogers*, 43 AD3d 1189 [2007]; *People v Lattimore*, 5 AD3d 399, 400 [2004]; *cf. People v Gruttadauria*, 40 AD3d 879, 880 [2007]).

The determination whether to allow a defendant to withdraw a plea of guilty is addressed to the sound discretion of the court (*see People v Jackson*, 87 AD3d 552, 553 [2011]; *People v Douglas*, 83 AD3d 1092 [2011]; *People v Collazo*, 45 AD3d 857 [2007]; *People v Bullard*, 33 AD3d 715 [2006]). Here, in deciding whether to grant the defendant's pro se application to withdraw his plea of guilty, the Supreme Court was entitled to rely on its recollection of the plea proceeding, including the defendant's unequivocal answers to that court's thorough questioning at that proceeding. The record of the plea proceeding provides no reason to question the validity of the defendant's plea of guilty. Under the circumstances, the Supreme Court did not improvidently exercise its discretion in denying the defendant's application, without a hearing (*see People v Bullard*, 33 AD3d at 715).

The defendant's valid waiver of his right to appeal precludes review of his claim that the procedure used to adjudicate him a second felony offender was defective (*see People v Evans*, 88 AD3d 1029, 1030 [2011], *lv denied* 18 NY3d 858 [2011]; *People v*

*Rodriguez*, 82 AD3d 794, 795 [2011]; *People v Haynes*, 70 AD3d 718, 718-719 [2010]). Balkin, J.P., Chambers, Hall and Austin, JJ., concur.