Judgment, Supreme Court, Bronx County (Colleen D. Duffy, J.), rendered July 2, 2010, convicting defendant, upon his plea of guilty, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 15 years, and otherwise affirmed. Order, same court and Justice, entered on or about January 27, 2012, which denied defendant’s CPL 440.20 motion to set aside the sentence, unanimously affirmed.
Defendant’s claim that his out-of-state conviction was not the equivalent of a New York felony is unpreserved and waived (People v Smith, 73 NY2d 961 [1989]; People v Kelly, 65 AD3d 886, 887 [1st Dept 2009], lv denied 13 NY3d 860 [2009]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. Resort to the foreign accusatory instrument is appropriate here (see People v Gonzalez, 61 NY2d 586, 590 [1984]; see also People ex rel. Goldman v Denno, 9 NY2d 138, 140 [1961]), and it establishes the necessary equivalency. The foreign statute criminalizes several acts, each of which constitutes a category of theft even if not *596 separately enumerated, as opposed to constituting mere ways of committing the crime (compare People v Muniz, 74 NY2d 464, 468-469 [1989]).
Since defendant’s challenge to his sentencing as a second felony offender lacks merit, counsel was not ineffective for failing to raise that claim (see Kelly, 65 AD3d at 890). In any event, counsel’s determination that there was no valid ground upon which to challenge the second felony offender adjudication was within “the wide range of professionally competent assistance” (Strickland v Washington, 466 US 668, 690 [1984]).
The record does not establish a valid waiver of the right to appeal with respect to the excessive sentence issue raised by defendant. We find the sentence excessive to the extent indicated. Concur — Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.