■ The People of the State of New York, Respondent, v Jose Jimenez, Appellant. [18 NYS3d 343]—

Judgment of resentence, Supreme Court, New York County (Charles H. Solomon, J.), rendered December 12, 2014,

resentencing defendant, as a second violent felony offender, to a term of seven years, unanimously reversed, on the law, the second violent felony offender adjudication vacated, and the matter remanded for resentencing including a new determination as to defendant's predicate felony status. Appeal from judgment (same court and Justice), rendered December 19, 2011, as amended February 22, 2012 and December 12, 2014, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, unanimously dismissed, as subsumed in the appeal from the judgment of resentence.

Defendant made a CPL 440.20 motion to set aside his sentence of 12 years to life as a persistent violent felony offender on the grounds that his 2000 conviction could not be used as a predicate conviction because it was unconstitutionally obtained within the meaning of CPL 700.15 (7) (b), and that counsel was ineffective in failing to raise that issue at the appropriate time. In response, the People did not dispute these claims, and conceded that defendant did not qualify as a persistent violent felony offender. The court granted the motion, but resentenced defendant as a second violent felony offender, without considering whether defendant's 1993 conviction fell within or without the 10-year time bar for predicate felonies. In addition, this does not preclude the People from relying on other convictions, if any. Accordingly, defendant must be resentenced. Concur—Gonzalez, P.J., Friedman, Gische and Kapnick, JJ.