■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID SOTO, Appellant. [28 NYS3d 320]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered March 13, 2014, convicting defendant, upon his plea of guilty, of assault in the second degree, criminal possession of a weapon in the third degree and attempted robbery in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of seven years, unanimously modified, on the law, to the extent of vacating the second violent felony offender adjudication and sentence and remanding for resentencing, including the filing by the People of a proper predicate felony statement, and otherwise affirmed.

By claiming that the predicate felony statement was facially insufficient because it failed to set forth the necessary tolling period for a predicate conviction over 10 years old, defendant is raising the type of illegal-sentence claim that does not require preservation and is unaffected by defendant's valid waiver of his right to appeal (*see People v Santiago*, 22 NY3d 900, 903 [2013]; *People v Samms*, 95 NY2d 52, 57 [2000]). Because nothing in the record permits a determination of the relevant tolling period, the People's failure to include this information in the statement cannot be deemed harmless (*see People v Johnson*, 196 AD2d 408 [1st Dept 1993], *lv denied* 82 NY2d 806 [1993]; *see also People v Jimenez*, 132 AD3d 597 [1st Dept 2015]). "[T]he People's reliance on the NYSID sheet for the purpose of proving defendant's prior incarceration[ ] during which the statute was tolled is misplaced" (*People v Peterson*, 273 AD2d 88, 89 [1st Dept 2000]).

Accordingly, defendant is entitled to a new sentencing proceeding, including the filing of a proper predicate felony statement (*see e.g. People v Ortiz*, 19 AD3d 281 [1st Dept 2005], *lv denied* 5 NY3d 808 [2005]). Therefore, we do not reach defendant's remaining contention regarding the sentence. Concur—Mazzarelli, J.P., Acosta, Moskowitz, Gische and Webber, JJ.