People v Tolbert (2019 NY Slip Op 00239)





People v Tolbert


2019 NY Slip Op 00239


Decided on January 15, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 15, 2019

Sweeny, J.P., Richter, Kapnick, Gesmer, Kern, JJ.


8114 1967/16

[*1]The People of the State of New York, Respondent,
v
Dave Tolbert, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Brittany N. Francis), for appellant.
Darcel D. Clark, District Attorney, Bronx (Kristian D. Amundsen of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Shari R. Michels, J.), rendered June 21, 2017, convicting defendant, upon his plea of guilty, of attempted assault in the second degree and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
We reject the People's argument that defendant's challenge to the facial sufficiency of the predicate felony offender statement required preservation (People v Soto, 138 AD3d 533 [1st Dept 2016], lv denied 28 NY3d 937 [2016]. However, any failure of the predicate felony statement to list all relevant periods of incarceration was harmless because the record on appeal, including documents relating to defendant's criminal history, indisputably establishes the necessary aggregate tolling period
(see People v Kelly, 65 AD3d 886, 889-890 [1st Dept 2009], lv denied 13 NY3d 860 [2009]; compare People v Soto, 138 AD3d at 534 [record did not permit determination of tolling period]).
Defendant made a valid waiver of his right to appeal (see People v Bryant, 28 NY3d 1094 [2016]), which forecloses review of his excessive sentence claim. Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 15, 2019
CLERK