People v Stevens (2025 NY Slip Op 05827)

People v Stevens

2025 NY Slip Op 05827

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LOURDES M. VENTURA, JJ.

2022-09211
 (Ind. No. 70781/21)

[*1]The People of the State of New York, respondent,
v
Kareem Stevens, appellant.

Patricia Pazner, New York, NY (Elisabeth R. Calcaterra of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Sawyer White of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Jill Konviser, J.), rendered October 19, 2022, convicting him of attempted sexual abuse in the first degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
Under the totality of the circumstances, the record demonstrates that the defendant knowingly, voluntarily, and intelligently waived his right to appeal. Although it would have been better practice for the Supreme Court to discuss with the defendant the waiver of his appellate rights before obtaining an admission of guilt (see People v Downing, 233 AD3d 965), the record reflects that the defendant was aware of the People's demand for an appeal waiver before agreeing to plead guilty, as, among other things, the defendant acknowledged that he had discussed the appeal waiver with his attorney. The record further reflects that the defendant had prior experience with the criminal justice system and had pleaded guilty to a prior offense. Contrary to the defendant's contentions, under the circumstances presented, the court's delay in explaining the appeal waiver until after the defendant's factual allocution of the crime did not render the appeal waiver invalid (see People v Bryant, 28 NY3d 1094, 1096; People v Velazquez, 235 AD3d 664, 665; People v Downing, 233 AD3d 965).
The defendant's valid waiver of his right to appeal precludes appellate review of his contention that his sentence as a second felony offender (see Penal Law § 70.06) is unconstitutional (see People v Rohs, 140 AD3d 800, 800; People v Haynes, 70 AD3d 718, 719).
GENOVESI, J.P., CHRISTOPHER, WAN and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court