People v Harrington (2026 NY Slip Op 01075)

People v Harrington

2026 NY Slip Op 01075

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-08176 
2022-08177

[*1]The People of the State of New York, respondent,
vTravis Harrington, appellant. (Ind. Nos. 5682/15, 8479/17)

Patricia Pazner, New York, NY (Denise A. Corsí of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Amy Appelbaum, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from two judgments of the Supreme Court, Kings County (Jill H. Konviser, J.), both rendered September 13, 2022, convicting him of aggravated sexual abuse in the second degree under Indictment No. 5682/15 and bail jumping in the second degree under Indictment No. 8479/17, upon his pleas of guilty, and imposing sentences.
ORDERED that the judgments are affirmed.
Contrary to the defendant's contention, his waiver of the right to appeal was valid. Although much of the discussion of the waiver of the right to appeal took place after the defendant had admitted his guilt, the appeal waiver was mentioned as being a condition of the plea bargain prior to the defendant's entry of his pleas of guilty and admissions of guilt (see People v Felipe, 236 AD3d 920, 920-921; People v Kadriu, 236 AD3d 820, 820; People v Victor, 235 AD3d 783, 784; People v Francois, 235 AD3d 657, 657; People v White, 234 AD3d 884, 884-885). Under the totality of the circumstances, including the exemplary explanation of the right to appeal provided to the defendant and the defendant's age, experience, and background, the appeal waiver was knowing, voluntary, and intelligent (see People v Sanders, 25 NY3d 337, 340; People v Bradshaw, 18 NY3d 257, 264; People v Walcott, 238 AD3d 1177; People v Victor, 235 AD3d at 784; People v White, 234 AD3d at 885).
The defendant's valid waiver of his right to appeal precludes appellate review of his challenge to the procedure used to adjudicate him a second felony offender (see People v Smith, 244 AD3d 1144; People v Simpson, 244 AD3d 762; People v Haynes, 70 AD3d 718, 718-719; see also People v Lassiter, 48 AD3d 700; People v Backus, 43 AD3d 409, 410), as well as his contention that the sentences imposed were excessive (see People v Lopez, 6 NY3d 248, 256).
To the extent the defendant contends that New York's predicate felony offender statutes are facially unconstitutional, that contention is not precluded by the appeal waiver (see People v Johnson, ____ NY3d _____, 2025 NY Slip Op 06528; People v Smith, 244 AD3d 1144). However, that contention is unpreserved for appellate review (see CPL 470.05[2]; People v Hernandez, 43 NY3d 591, 597; People v Munoz, 237 AD3d 1110, 1111), and we decline to reach [*2]it in the exercise of our interest of justice jurisdiction (see People v Munoz, 237 AD3d at 1111).
CONNOLLY, J.P., VOUTSINAS, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court