People v Wade (2026 NY Slip Op 01608)

People v Wade

2026 NY Slip Op 01608

Decided on March 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 19, 2026

Before: Scarpulla, J.P., Kapnick, Pitt-Burke, Michael, Hagler, JJ. 

Ind No. 3441/15|Appeal No. 6144|Case No. 2018-2352|

[*1]The People of the State of New York, Respondent,
vAshleigh Wade, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Denise Fabiano of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Vincent Rivellese of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J., at suppression hearing, trial, and sentencing), rendered November 15, 2017, convicting defendant of two counts of murder in the second degree (intentional murder and felony murder), and one count of kidnapping in the second degree, and sentencing her to concurrent terms of 25 years to life on the murder charges, and a consecutive term of 15 years on the kidnapping charge, unanimously modified, on the law, to the extent of amending the sentence and commitment sheet to reflect that defendant's sentence on the kidnapping count was consecutive to the intentional murder count only, and otherwise affirmed.
The trial court's denial, after a hearing, of the branch of defendant's motion to suppress statements she made to detectives while in the hospital was proper, as the evidence established that the statements were made voluntarily after she knowingly, intelligently, and voluntarily waived her Miranda rights (see Miranda v Arizona, 384 US 436 [1966]). The totality of the circumstances established that defendant understood both the nature of the rights she was waiving and the consequences of her decision to abandon those rights (see People v Leppanen, 218 AD3d 995, 1002 [3d Dept 2023], lv denied 40 NY3d 1081 [2023]). Moreover, we find defendant's statements in the hospital were sufficiently attenuated from the brief un-Mirandized statement she made eight hours earlier and did not warrant suppression (see People v Paulman, 5 NY3d 122, 129-131 [2005]). In any event, any error would have been harmless. Defendant told the officers at the scene, medical personnel and a police officer in the ambulance, as well as her boyfriend, that she killed the victim. Thus, the challenged statements were largely duplicative of incriminating statements she previously made.
The court providently exercised its discretion in denying defendant's request for new counsel (see generally People v Fredericks, 43 NY3d 551, 556-557 [2025]; People v Sides, 75 NY2d 822, 824 [1990]). Defendant "failed to proffer specific allegations of a seemingly serious request that would require the court to engage in a minimal inquiry" (People v Porto, 16 NY3d 93, 100 [2010] [internal quotation marks omitted]). Defendant expressed only a generalized and conclusory complaint about counsel's representation, and this complaint did not require an inquiry under all the circumstances.
Defendant's contention that her counsel rendered ineffective assistance "is unreviewable on direct appeal, as it involves matters not reflected in the record, and must be raised in a CPL 440.10 motion" (People v Gray, 230 AD3d 1039, 1039 [1st Dept 2024], lv denied 42 NY3d 1035 [2024]). As an alternative holding, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.
The evidence was legally sufficient under the facts here for the jury to find that defendant abducted the victim's newborn baby, and the verdict comported with the weight of the evidence (see Penal Law § 135.00[2]; People v Danielson, 9 NY2d 342, 348-348 [2007]; see also People v Baque, 43 NY3d 26 [2024]). After killing the mother and removing the newborn from the mother's uterus, defendant kept the newborn in defendant's apartment without consent and lied that she was the newborn's mother. These actions sufficiently demonstrated defendant's desire to have control over the newborn and hold her in a place where she was unlikely to be found (see People v Ehinger, 152 AD2d 97, 100-101 [1st Dept 1989], lv denied 75 NY2d 772 [1989]; People v Antonio, 58 AD3d 515, 516 [1st Dept 2009], lv denied 12 NY3d 814 [2009]).
The trial court properly imposed consecutive sentences on the kidnapping in the second degree and murder in the second degree (intentional murder) counts, as they were separate and distinct acts, notwithstanding that they occurred during a continuous incident (People v Wynn, 35 AD3d 283, 284 [1st Dept 2006], lv denied 8 NY3d 928 [2007]). "[S]entences may run consecutively to each other even though each of those sentences is required to run concurrently with the same third sentence" (People v Ennis, 139 AD3d 505, 506 [1st Dept 2016], lv denied 28 NY3d 970 [2016]; quoting People v Rodriguez, 112 AD3d 488, 489 [1st Dept 2013], affd 25 NY3d 238 [2015]).
We find no basis to modify defendant's sentence in the interest of justice.
The sentence and commitment sheet should be amended to the extent indicated.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 19, 2026