■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD TODD, Appellant. — Judgment, Supreme Court, New York County (Davis, J.), rendered on July 6, 1981, convicting defendant, on his plea of guilty, to attempted criminal possession of a weapon in the third degree and sentencing him as a predicate felon to an indeterminate term of one and one-half to three years' imprisonment, is unanimously modified, on the law, to the extent of reversing the sentence imposed and the case remanded for a reconsideration of defendant's status as a second felony offender, and otherwise affirmed. The defendant claims, *inter alia,* that he was improperly sentenced as a second felony offender. The predicate felony statement filed by the People indicated that defendant had two prior felony convictions. The People candidly concede that the February 18, 1981, conviction for attempted criminal possession of a weapon in the third degree cannot serve as the underlying predicate (Penal Law, § 70.06, subd 1, par [b], cl [ii]). As to defendant's conviction in December, 1969, for criminal possession of a dangerous drug in the third degree, defendant asserts that this conviction was rendered more than 10 years before commission of the instant offense and, therefore, cannot be deemed the underlying predicate felony (Penal Law, § 70.06, subd 1, par [b], cl [iv]). The statement as filed by the People is incomplete and insufficient, on its face, to alert defendant to each and every fact that he either had to admit or controvert. The People were required to "set forth the date of commencement and the date of termination as well as the place of imprisonment for each period of incarceration" (CPL 400.21, subd 2). The absence of this information precluded a determination as to the tolling effect of CPL 400.21. Such data is necessary, particularly where a defendant claims the prior felony conviction was entered

more than 10 years ago. Since defendant was not properly determined to be a second felony offender, the matter must be remanded for a new determination as to whether defendant is a second felony offender and for further proceedings, pursuant to CPL 460.50 (subd 5). Finally, we are satisfied that the police officers had a reasonable basis for this stop and frisk. Concur — Kupferman, J. P., Sullivan, Ross, Lupiano and Asch, JJ.