■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMANUEL JOHNSON, Appellant. [601 NYS2d 103] —Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered July

27, 1990, convicting defendant, after a jury trial, of rape in the first degree and sodomy in the first degree, and sentencing him, as a persistent violent felony offender to two concurrent indeterminate terms of imprisonment of from twenty-five years to life, unanimously modified, on the law, to vacate the sentence and remand for resentencing and, except as thus modified, affirmed.

Convicted of raping and sodomizing his twenty-one year-old great niece, defendant argues that the conviction is not supported by the evidence, in that no witnesses were produced who heard the complainant's screams, that DNA testing was not performed to determine the source of the spermatozoa found in the complainant's vagina, and that the investigating police officers never entered the apartment to search for drops of blood that would necessarily have spilled from defendant's wound after the complainant struck him with a can of insect repellent. None of these arguments detract from the sufficiency of the evidence. A one-witness case is not, by definition, suspect; there were no pronounced discrepancies in the complainant's testimony to call her veracity into question and no viable issue was raised as to identity. The bump on the complainant's head, the presence of sperm in her vagina, and her distraught and nearly hysterical demeanor upon the arrival of the police officers amply supported her testimony.

Defendant's present contentions with respect to the prosecutor's comments during summation are unpreserved for appellate review. Were we to reach these issues in the interest of justice, we would find no error. The prosecutor's remarks were responsive to those made by defense counsel, and were within the broad bounds of permissible rhetorical comment. As for defendant's mandatory sentence as a persistent violent felony offender, the record shows that in 1985 he was sentenced as a second violent felony offender when he pleaded guilty to possession of a weapon and admitted the allegations of the predicate violent felony statement filed by the People with respect to an earlier 1975 conviction. The argument that the 1975 conviction was not for a violent felony offense is thus precluded by CPL 400.15 (8), which provides that a predicate violent felony conviction finding "shall be binding upon that defendant in any future proceeding in which the issue may arise." *(See, People v Cole,* 165 AD2d 737, *lv denied* 76 NY2d 1020.)

The problem with the use of the 1975 conviction as a predicate for a persistent violent felony offender sentence is

its age. Despite the fact that the conviction was dated more than ten years before the commission of the felony underlying his conviction herein the predicate violent felony information failed to plead the tolling of the ten-year limitation on the use of predicate felonies under the persistent violent felony offender statute (Penal Law § 70.08 [1] [b]; § 70.04 [1] [b] [iv]) which, under CPL 400.15 (2), is mandatory. Since the April 21, 1975 conviction predated the date of the commission of the underlying crime herein by fourteen and one-half years, the information was required to plead at least four and one-half years of tolling by incarceration. That defendant's total period of post-1975 incarceration as a result of the 1975 conviction and a subsequent one in 1985 brought the 1975 conviction within the ten-year period was by no means a foregone conclusion since his minimum sentences for the two convictions aggregated only four and one-half years. Moreover, defendant's 1975 plea minutes reveal that his 1975 conviction was for a 1974 crime for which he was not admitted to bail. Thus, he would have accrued pre-sentence jail time credit against his minimum sentence, thereby reducing the aggregate of the four and one-half year minimum sentences even further. Since the information failed to comply with the statutory mandate (see, e.g., People v Todd, 88 AD2d 886) and the error cannot be deemed harmless, the persistent violent felony sentence must be vacated and the matter remanded for resentencing.

A further ground for vacating the sentence is manifest in this record based on defense counsel's challenge to the 1985 conviction on constitutional grounds, which counsel identified as "coercion and [in]effective assistance of counsel." After ascertaining the defendant had never perfected an appeal from that judgment, the court determined that any constitutional claim was barred by defendant's failure to raise it on direct appeal. This was error. Notwithstanding his failure to appeal from the 1985 conviction, defendant had an independent statutory right to challenge its use as a predicate conviction on the ground it was unconstitutionally obtained (People v Harris, 61 NY2d 9). The court should have afforded defendant such an opportunity. Other than to direct a remand for resentence because of these errors of law, we indicate no position whatsoever with respect to the sentence under review.

We have considered defendant's remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Milonas, Ellerin and Kassal, JJ.