OPINION OF THE COURT
Joseph K. McKay, J.
*336 At issue is whether defendant must be adjudicated a persistent violent felony offender (Penal Law § 70.08), should he be convicted of a violent felony in the above-captioned indictment. Initially the court notes that this matter does not call for a general advisory opinion but rather for the resolution of an issue of paramount and immediate importance to the parties and to the advancement and ultimate disposition of this case. That is the reason both parties have consented to the court’s determination of this critical issue at this preconviction juncture.[1]
Factual Background
Defendant is currently charged with burglary in the second degree and other related charges. On March 17, 2003 defendant, having pleaded guilty to robbery in the second degree under indictment No. 1121-02 in Queens County before the Honorable Barry Kron, was sentenced as a violent predicate felon to a term of seven years’ incarceration. No statutorily mandated period of postrelease supervision (PRS) was imposed at sentence nor was defendant advised about PRS at his plea. In a January 25, 2008 order Justice Kron denied defendant’s motion to vacate his sentence to exclude a period of PRS which had been imposed by the Department of Correctional Services (DOCS).[2] Instead, the court held that since DOCS was without authority to impose PRS defendant’s sentence did not and would not include a period of PRS. In a subsequent June 25, 2008 order Justice Kron noted that the Division of Parole had informed the court in writing that there may be a question of the lawfulness of defendant’s non-PRS sentence in light of the recent Court of Appeals decisions in Matter of Garner v New York State Dept. of Correctional Servs. (10 NY3d 358 [2008]) and People v Sparber (10 NY3d 457 [2008]). Justice Kron declined to recalen *337 dar the matter and ordered DOCS to calculate defendant’s term of imprisonment without a period of PRS.[3]
Analysis
Notwithstanding that defendant did not appeal from his Queens conviction this court agrees with defendant that he has not forfeited his right to independently challenge the constitutionality of his plea and the legality of his sentence within the context of a predicate felony proceeding. (See People v Johnson, 196 AD2d 408 [1st Dept 1993]; compare People v Foley, 96 AD2d 866 [2d Dept 1983].) Although a defendant may challenge for the first time on appeal his adjudication as a predicate felon based upon an underlying illegal sentence (see People v Robles, 251 AD2d 20, 21 [1st Dept 1998], lv denied 92 NY2d 904 [1998] [and cases cited therein]) the People have failed to cite any binding precedent requiring defendant to perfect such an appeal in order to preserve the issue before this court. The court does not now reach or decide the issue of whether defendant’s Queens plea was unconstitutional,[4] but I do conclude that the sentence imposed without a period of PRS must be deemed an illegal sentence. (See People v Sparber, supra; Matter of Garner, supra; People v Hill, 9 NY3d 189 [2007]; compare People v Curry, 50 AD3d 820 [2d Dept 2008].)
Accordingly, the court now holds that defendant’s Queens conviction under indictment No. 1121-02 may not be used as a predicate to enhance any potential sentence in the above-captioned case.

. If defendant is determined not to be a persistent violent felon, he will avoid a mandatory life sentence. Moreover, he has expressed an intention to plead guilty to the top count of burglary in the second degree (Penal Law § 140.25) as a second violent felony offender (Penal Law § 70.06 [3] [c]) if he is not found to be a persistent violent felon. Defendant’s previous adjudication as a second violent felony offender, based as it is on a violent felony conviction in New York Supreme Court under indictment No. 3345-85 and subsequent prison sentences, is binding on this defendant for purposes of the present proceeding. (See CPL 400.15 [8]; People v Tocci, 52 AD3d 541 [2d Dept 2008]; People v McFadden, 6 ADSd 461 [2d Dept 2004], application for writ of error coram nobis denied 11 AD3d 564 [2004].)

. Defendant was then being held on an alleged violation of his PRS, even though the court had never imposed any PRS as part of defendant’s 2003 sentence.

. Although the matter was calendared and a record made in open court, Justice Kron did not categorize the proceeding as a resentencing and neither defendant nor defense attorney was present.

. Defendant to my knowledge has never challenged the voluntariness of his plea before Justice Kron or in any other form, including during this proceeding, thereby undercutting any claim that the plea itself was unconstitutional.