■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH ODOM, Appellant. [880 NYS2d 58]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered March 14, 2007, convicting defendant, upon his plea of guilty, of burglary in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

Defendant's claim that his 2000 conviction should not have been counted as a predicate violent felony at his 2007 plea and sentencing is without merit, as such claim is procedurally barred. Although defendant was not informed of postrelease supervision at his 2000 plea proceeding, thus rendering the proceeding improper (*People v Catu*, 4 NY3d 242 [2005]), he failed to make that claim on direct appeal. Moreover, at the time defendant entered a plea to robbery in the second degree,

in Queens County in 2006, he did not challenge his 2000 conviction, although given the opportunity to do so. The 2006 Queens conviction, a second violent felony offender adjudication, based, like the present case, on the 2000 conviction, has preclusive effect here.

Where a defendant fails to challenge the constitutionality of a prior conviction at the appropriate time, and fails to demonstrate good cause for such failure, he waives any future challenge to the constitutionality of the prior conviction for sentence enhancement purposes (CPL 400.15 [7] [b]; *see People v Crawford*, 204 AD2d 203 [1994], *lv denied* 84 NY2d 906 [1994]). Where such predicate violent felony offender finding has been made, it shall be binding upon that defendant in any future proceeding in which the issue may arise. Furthermore, a defendant is precluded by statute from contesting the use of a prior conviction as a predicate conviction where he has previously been adjudicated a second violent felony offender based on that conviction (CPL 400.15 [8]; *People v Boutte*, 304 AD2d 307, 308 [2003], *lv denied* 100 NY2d 579 [2003]).

It should be noted that defendant raised this identical claim in the Second Department on the direct appeal from his 2006 conviction entered by plea as aforesaid. That Court rejected his argument and affirmed his conviction, holding that "[h]aving failed to challenge the constitutionality of the 2000 conviction at the predicate felony proceeding held at the time he pleaded guilty in the matters before us, the defendant waived his current claim" (61 AD3d 896, 897 [2009]). The Second Department thus declined defendant's invitation to retroactively apply *Catu* to recidivist sentencing proceedings, as do we. To hold otherwise would effectively eviscerate the binding effect of predicate violent felony offender proceedings on a defendant as mandated by CPL 400.15 (8). Concur—Andrias, J.P., Saxe, Sweeny, Nardelli and Freedman, JJ.