■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAIFUDDIN ABDUS-SAMAD, Appellant. [894 NYS2d 41]—

Defendant's valid waiver of his right to appeal forecloses his claim that he was improperly deprived of a hearing as to the constitutionality of the predicate convictions upon which he was adjudicated a persistent violent felony offender (*see People v Moore*, 48 AD3d 222 [2008], *lv denied* 10 NY3d 867 [2008]). The record establishes that defendant discussed the waiver with counsel and understood it. Although by the terms of the waiver, as well as by operation of law, defendant retained the right to challenge the legality of his sentence on appeal, his present claim does not involve legality. Instead, "defendant's appellate claim [is] addressed merely to the adequacy of the procedures the court used to arrive at its sentencing determination," and it is therefore foreclosed by the waiver (*People v Callahan*, 80 NY2d 273, 281 [1992]; *see also People v Samms*, 95 NY2d 52, 56-58 [2000]).

As an alternative holding, we reject, on the merits, defend-

ant's contention that he was entitled to a hearing. Defendant was adjudicated a persistent violent felony offender at the plea proceeding. At that time, he expressly declined to challenge the constitutionality of his predicate convictions (*see* CPL 400.15 [3]). Nevertheless, at sentencing, defendant told the court it had "just come to his attention" that he could make such a challenge. Although the court did nothing to prevent defendant from making a specific challenge, defendant made no attempt to do so. Instead, he merely stated he thought he would need to obtain minutes. Since defendant had already been adjudicated a persistent violent felony offender at the plea proceeding, this request was untimely under CPL 400.15 (7) (b). Moreover, even if the request had been timely made, "Supreme Court was not required, as a matter of law, to grant defendant an adjournment to try to put together a more persuasive case" (*People v Diggins*, 11 NY3d 518, 525 [2008]). In addition, while the fact that defendant never appealed from either of his prior convictions did not preclude him from raising constitutional objections to their use as predicate felony convictions (*see People v Johnson*, 196 AD2d 408 [1993], *lv denied* 82 NY2d 806 [1993]), this was still a relevant consideration with regard to the likelihood that affording defendant an opportunity to gather evidence might yield a meritorious issue.

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Saxe, Nardelli, Renwick and Freedman, JJ.