■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN SANTIAGO, Appellant. [936 NYS2d 37]—

Defendant's failure to appeal the 2004 conviction did not constitute a forfeiture of his right to independently challenge its constitutionality within the context of a predicate felony proceeding (*see People v Johnson*, 196 AD2d 408, 410 [1993], *lv denied* 82 NY2d 806 [1993] ["Notwithstanding his failure to appeal from the 1985 conviction, defendant had an independent statutory right to challenge its use as a predicate conviction on the ground it was unconstitutionally obtained"]). Although the absence of an appeal may be a relevant consideration in predicate felony offender proceedings, it is not an automatic bar to challenging the constitutionality of a predicate conviction (*see People v Abdus-Samad*, 69 AD3d 516, 517 [2010], *lv denied* 15 NY3d 746 [2010]).

The People argue that the CPL 440.20 motion must be denied on the ground that defendant waived his right to challenge the 2004 conviction by failing to raise the argument at the appropriate time, which was the time of the 2007 second violent felony offender adjudication (*see* CPL 400.15 [7] [b]; *People v Odom*, 63 AD3d 408 [2009], *lv denied* 13 NY3d 798 [2009]). However, the People were required to preserve such an argument for review by this Court (*see People v Chavis*, 91 NY2d 500, 506 [1998]) and failed to do so. Before the trial court, misapplying *Odom*, the People only argued that defendant was procedurally barred from challenging the 2004 prior violent felony conviction by failing to appeal from that conviction. The trial court relied solely on that ground to deny the motion and this Court is without authority to affirm an order based on an issue of law or fact that the trial court did not hear and determine against the appellant, and we cannot invoke an alternative ground for affirmance (*see* CPL 470.15 [1]; *People v Concepcion*, 17 NY3d 192 [2011]; *People v LaFontaine*, 92 NY2d 470 [1998]). For the same reason, it is beyond our power to review the People's argument, also raised for the first time on appeal, that a *Catu* issue should not affect the constitutionality, for predicate felony purposes, of defendant's 2004 conviction. Concur—Andrias, J.P., Saxe, Sweeny, Acosta and Manzanet-Daniels, JJ.