■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BENNETT, Appellant. [967 NYS2d 717]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered August 18, 2010, convicting defendant, upon his plea of guilty, of burglary in the second degree, and sentencing him to a term of 4½ years, unanimously reversed, on the law, the plea vacated, and the matter remanded for further proceedings.

Defendant pleaded guilty as part of a joint disposition of this case and another case, upon which he would be receiving a concurrent sentence of one year. However, the other indictment was dismissed, with finality, before defendant's sentencing. The court should have granted defendant's plea withdrawal motion, made on the ground that the plea had been induced by a promise that was ultimately unfulfilled (*see People v Monroe*, 21 NY3d 875 [2013]). The record establishes that defendant's plea was induced in large part by the court's specific representation that defendant was resolving two pending prosecutions. "It simply cannot be said on this record that defendant . . . would have pleaded guilty absent this assurance" (*id*. at 878). As the dismissal of the other indictment amounted to a fundamental change in a "condition that induced [defendant's] admission of guilt" (*People v Pichardo*, 1 NY3d 126, 129 [2003]), he was entitled to withdraw his plea (*see People v Rowland*, 8 NY3d 342 [2007]).

Defendant's request for assignment of the case to a different justice is denied. Concur—Mazzarelli, J.P., Renwick, Manzanet-Daniels, Gische and Clark, JJ.