Stein, J.
Defendant was charged by felony complaint with three counts of rape in the first degree and was later indicted on two counts of criminal sexual act in the first degree. While these charges were pending, defendant allegedly participated in a robbery and was charged in a misdemeanor complaint with criminal facilitation in the fourth degree. Defendant thereafter appeared before County Court (Bruhn, J.) and, with respect to the criminal facilitation charge, purported to waive indictment and was charged by superior court information with the crime of conspiracy in the fourth degree. Defendant then pleaded guilty, in full satisfaction of all charges, to one count each of criminal sexual act in the first degree and conspiracy in the fourth degree and waived *884 his right to appeal. In accord with the negotiated plea agreement, County Court imposed concurrent prison terms of lVs to 4 years on the conspiracy conviction and six years, plus five years of postrelease supervision, on the criminal sexual act conviction, and issued an order of protection.[1] Defendant now appeals.
Defendant argues, and the People concede, that his conviction for conspiracy in the fourth degree must be reversed. In New York, felony charges must be prosecuted by indictment, unless a defendant “held for the action of a grand jury upon a charge for such an offense, other than one punishable by death or life imprisonment, with the consent of the district attorney, . . . waive [s] indictment by a grand jury and consent [s] to be prosecuted on an information filed by the district attorney” (NY Const, art I, § 6; see CPL 195.10 [1]). Where an indictment waiver has been secured, however, the People may not charge in a superior court information a “ ‘greater offense[ ], which [has] additional aggravating elements’ ” (People v Milton, 21 NY3d 133, 136 [2013], quoting People v Zanghi, 79 NY2d 815, 817 [1991]). This is precisely what occurred here. The misdemeanor complaint charged defendant with criminal solicitation in the fourth degree and the superior court information impermissibly charged the greater offense of conspiracy in the fourth degree. Inasmuch as the improper inclusion of a greater offense is a jurisdictional infirmity (see People v Milton, 21 NY3d at 135; People v Pierce, 14 NY3d 564, 574 [2010]), notwithstanding defendant’s appeal waiver and plea, we must reverse his conviction of conspiracy in the fourth degree and dismiss the superior court information (see People v Pierce, 14 NY3d at 567; People v Zanghi, 79 NY2d at 817; People v Menchetti, 76 NY2d 473, 475 n [1990]).[2]
In addition, as a result of the dismissal of the conspiracy *885 charge, defendant’s plea to criminal sexual act in the first degree must be vacated. “[W]hen a guilty plea is induced by the court’s explicit promise that the defendant will receive a lesser sentence to run concurrently with a sentence in another case, and [the other] conviction is overturned, the defendant may withdraw his plea and face the indictment, since the promise cannot be kept” (People v Pichardo, 1 NY3d 126, 129 [2003]; see People v Rowland, 8 NY3d 342, 345 [2007]). Here, defendant pleaded guilty to criminal sexual act in the first degree with the promise that his sentence thereon would run concurrently with the sentence on the conspiracy charge. Inasmuch as “we cannot say that defendant would have . . . pleaded guilty to the [criminal sexual act in the first degree charge] . . . had it not been for the . . . [conspiracy in the fourth degree conviction], of which he now stands acquitted,” his plea to this charge must be vacated (People v Pichardo, 1 NY3d at 130; see People v Rowland, 8 NY3d at 345; People v Bennett, 107 AD3d 577 [2013]; People v Puntervold, 60 AD3d 1090, 1090 [2009]). Defendant’s remaining claim with respect to the order of protection is academic.
Lahtinen, J.P., McCarthy and Garry, JJ., concur. Ordered that the judgment is reversed, on the law, plea vacated, superior court information dismissed, and matter remitted to the County Court of Ulster County for further proceedings. Ordered that the appeals from the orders are dismissed, as academic.

. Subsequently, County Court (McGinty, J.) resentenced defendant because a presentence investigation had not been ordered prior to his original sentence (see CPL 390.20 [1]). Defendant also brought applications for an order exonerating the surcharge imposed (see CPL 420.10), to vacate both his sentences and convictions pursuant to CPL article 440 and for youthful offender status, all of which were denied by County Court. Defendant’s appeal from the decision denying him youthful offender status is decided herewith (People v Price, 113 AD3d 888 [2014]). Further, he has abandoned any arguments in relation to the other orders by failing to address them in his brief (see People v Jones, 101 AD3d 1241, 1241 n [2012], lv denied 21 NY3d 944 [2013]) and, in any event, such arguments are rendered academic by this decision.

. We further note that the waiver procedure, itself, was jurisdictionally infirm, as defendant was charged with criminal facilitation in a misdemeanor complaint and had never been held for grand jury action (see CPL 195.10 [1] *885 [a]; [2] [a]; People v D’Amico, 76 NY2d 877, 879 [1990]; People v Rivera, 24 AD3d 367, 370 [2005]).