*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: April 2, 2015                    105901
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                      MEMORANDUM AND ORDER

RUBIN BREWINGTON,
                        Appellant.
_____


Calendar Date: February 20, 2015

Before: Lahtinen, J.P., Garry, Rose and Devine, JJ.

_____

        William T. Morrison, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Brittany L. Grome of counsel), for respondent.

_____


Garry, J.

        Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered January 7, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree (two counts).

        In satisfaction of two multicount indictments, defendant agreed to plead guilty to two counts of burglary in the second degree. Defendant also executed an appeal waiver, but reserved his right to appeal on the sole issue of whether he could properly be sentenced as a persistent violent felony offender. At sentencing, defendant argued that a prior conviction from 1999 was obtained in violation of his constitutional rights and could not be used as a predicate violent felony (see CPL 400.15 [7]

[b]; 400.16).[1]  County Court found that the People had met their burden of proving the predicate convictions, and sentenced defendant as a persistent violent felony offender to concurrent prison terms of 16½ years to life on each count.  Defendant appeals.

Defendant challenges the use of his 1999 conviction as a predicate violent felony, asserting that at the time of his plea to that charge he was not informed that the resulting sentence would include a mandatory period of postrelease supervision (hereinafter PRS).  "Notwithstanding his failure to appeal from the [1999] conviction, defendant had an independent statutory right to challenge its use as a predicate conviction on the ground it was unconstitutionally obtained" (People v Johnson, 196 AD2d 408, 410 [1993], lv denied 82 NY2d 806 [1993], citing People v Harris, 61 NY2d 9 [1983]; see People v Abdus-Samad, 69 AD3d 516, 517 [2010], lv denied 15 NY3d 746 [2010]).  It is well established that a court must advise a defendant of the direct consequences of a plea prior to sentencing, specifically including the existence and duration of any PRS requirement (see People v Catu, 4 NY3d 242, 245 [2005]; People v Bolivar, 118 AD3d 91, 93-94 [2014]; People v Brown, 107 AD3d 1303, 1304 [2013]).

Here, the transcript of defendant's 1999 plea allocution reveals that he was not advised that his plea would result in a mandatory period of PRS.  Rather, defendant was first informed about the PRS through the court's pronouncement of his sentence. Defendant made comments expressing his surprise as to the PRS immediately thereafter, but he was not afforded an opportunity to withdraw his plea, either during his original sentencing or when he was later resentenced to adjust the duration of the PRS to conform with the requirements of Penal Law § 70.45.  Given the apparent infirmities in defendant's 1999 plea allocution, we find that County Court erred in accepting the resulting conviction as a predicate violent felony for the purpose of sentencing defendant as a persistent violent felony offender (see People v

---

[1]  Defendant had also been subject to a 1991 conviction for burglary in the second degree, the validity of which was not disputed.

<u>Santiago</u>, 91 AD3d 438, 439 [2012]; <u>People v Brown</u>, 67 AD2d 949, 950 [1979]; <u>see generally</u> <u>People v Province</u>, ___ Misc 3d ___, 2 NYS3d 320 [Sup Ct, NY County 2015]).

Accordingly, defendant's sentence must be vacated; we therefore remit to County Court for resentencing.[2]  In view of this disposition, we need not address defendant's contention that the 1999 conviction cannot be used as a predicate violent felony because he was denied the effective assistance of counsel during said proceedings.

Lahtinen, J.P., Rose and Devine, JJ., concur.


ORDERED that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the County Court of Albany County for resentencing; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

[2]  We note that defendant's 2013 plea agreement appears to have included a contingency sentence in the event of a successful appeal.