■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUBIN BREWINGTON, Appellant. [10 NYS3d 365]—

Garry, J. Appeal from a judgment of the Supreme Court (Milano, J.), rendered March 29, 2013 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

Defendant was charged in an April 2012 indictment with the crimes of burglary in the second degree and petit larceny arising out of events that transpired in the City of Schenectady, Schenectady County. In full satisfaction of the indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. However, defendant's appeal waiver explicitly reserved his right to appeal on the sole issue of whether he could properly be sentenced as a persistent violent felony offender. Following a subsequent hearing to determine defendant's status as a persistent violent felony offender, Supreme Court adjudicated defendant a persistent violent felony offender predicated upon a 1991 conviction for attempted burglary in the second degree and a 1999 conviction for burglary in the second degree. Defendant was thereafter sentenced as a persistent violent felony offender to a prison term of 18 years to life. Defendant appeals.

In a recent appeal by defendant related to a separate conviction, this Court held that defendant's 1999 conviction for burglary in the second degree could not be utilized as a predicate violent felony for purposes of sentencing him as a persistent violent felony offender (*People v Brewington*, 127 AD3d 1248, 1249 [2015]). As the record reveals that Supreme Court also relied upon that 1999 conviction in adjudicating defendant a persistent violent felony offender, the sentence imposed must be vacated and the matter remitted for resentencing (*see* CPL 400.15 [8]; 400.16 [2]).

Peters, P.J., Rose and Devine, JJ., concur. Ordered that the judgment is modified, on the law, by vacating the sentence imposed; matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.