■ The People of the State of New York, Respondent, v George Ramirez, Appellant. [32 NYS3d 500]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered May 6, 2013, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 18 years to life, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The course of conduct of defendant and his companion, viewed as a whole, supports an inference of defendant's accessorial liability for the possession of a weapon actually wielded by the companion (*see* Penal Law § 20.00). The fact that the jury acquitted defendant of attempted robbery does not warrant a different conclusion (*see People v Abraham*, 22 NY3d 140, 146-147 [2013]; *People v Rayam*, 94 NY2d 557 [2000]).

Defendant was properly adjudicated a persistent violent felony offender. The court correctly ruled that defendant was foreclosed from contesting the constitutionality of his 2000 conviction, which had already been relied upon, in 2005, in adjudicating him a second violent felony offender (*see* CPL 400.15 [7] [b]; [8]; *People v Odom*, 63 AD3d 408 [1st Dept 2009], *lv denied* 13 NY3d 798 [2009]). Although the minutes of the 2005 plea have been irretrievably lost, defendant has not established a sufficient basis for a reconstruction hearing (*see People v Parris*, 4 NY3d 41, 49-50 [2004]).

An isolated portion of the prosecutor's summation that went beyond the evidence did not deprive defendant of a fair trial. Defendant's claims regarding evidentiary matters are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the court properly exercised its discretion in denying defendant's belated mistrial motion raising some of these issues and that any errors were

harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Mazzarelli, J.P., Andrias, Saxe, Gische and Kahn, JJ.