Rose, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered April 22, 2015, which resentenced defendant upon his plea of guilty of the crime of burglary in the second degree (two counts).
In 1991, defendant pleaded guilty to attempted burglary in the second degree and, in 1999, he pleaded guilty to burglary in the second degree. In 2012, in satisfaction of two multicount indictments, defendant agreed to plead guilty to two counts of burglary in the second degree and was sentenced in January 2013 as a persistent violent felony offender to concurrent prison terms of I6V2 years to life on each count (127 AD3d 1248, 1248 [2015]). Although defendant waived his right to appeal, he retained the right to appeal the sole issue of whether his 1999 conviction could be used as a predicate violent felony (id.). On appeal, we agreed with defendant’s argument that his 1999 conviction was unconstitutionally obtained and, therefore, that the sentencing court “erred in accepting the [1999] conviction as a predicate violent felony for the purpose of sentencing de *1419 fendant as a persistent violent felony offender” (id. at 1249). Accordingly, we vacated defendant’s sentence as a persistent violent felony offender and remitted for resentencing, noting that defendant’s plea agreement included a contingency sentence in the event of a successful appeal (id. at 1249 n 2). Upon remittal, County Court resentenced defendant, as a first-time felony offender, to two consecutive prison terms of 10 years, to be followed by five years of postrelease supervision. Defendant now appeals.
The People concede, and we agree, that the parties’ plea agreement, as set forth in the record before us, did not contemplate the possibility that defendant would be sentenced as a first-time felony offender in the event of a successful appeal to this Court (see Penal Law §§ 70.04 [1]; 70.08 [1] [b]). Indeed, the record before us establishes that the parties’ contingent plea agreement and ensuing plea colloquy were limited to whether defendant could be sentenced as a second felony offender — versus sentencing as a mandatory persistent felony offender — upon a successful appeal. Accordingly, because the record reflects a mutual mistake at the time of defendant’s plea regarding his predicate status and potential sentencing exposure in the event that he was successful on appeal, his decision to plead guilty was not a knowing, voluntary and intelligent one and, therefore, the plea must be vacated (see generally People v Brown, 107 AD3d 1303, 1304 [2013]). In light of this result, we need not reach defendant’s remaining contentions.
McCarthy, J.P., Garry, Egan Jr. and Mulvey, JJ., concur.
Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court’s decision.