People v Yarborough (2018 NY Slip Op 00630)





People v Yarborough


2018 NY Slip Op 00630


Decided on February 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 1, 2018

Sweeny, J.P., Manzanet-Daniels, Webber, Kahn, Moulton, JJ.


5601 3707/13

[*1]The People of the State of New York, Respondent,
v
Christina Yarborough, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Samuel E. Steinbock-Pratt of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Hope Korenstein of counsel), for respondent.



Judgment, Supreme Court, New York County (Ann M. Donnelly, J.), rendered June 18, 2015, convicting defendant, after a jury trial, of two counts of criminal possession of a weapon in the second degree, and sentencing her to an aggregate term of 3½ years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. The jury's mixed verdict does not warrant a different conclusion (see People v Rayam, 94 NY2d 557 [2000]). The course of conduct of defendant and her companion, viewed as a whole, supports inferences that she knew her bag contained a pistol (see generally People v Reisman, 29 NY2d 278, 285-286 [1971], cert denied 405 US 1041 [1972]), and that she handed the pistol to her companion with the intent to assist him in using it unlawfully (see People v Ramirez, 140 AD3d 545 [1st Dept 2016], lv denied 28 NY3d 973 [2016]). The evidence also supports the conclusion that the pistol was operable, notwithstanding that it had jammed (see People v Cavines, 70 NY2d 882 [1987]).
Defendant's challenges to the prosecutor's summation are entirely unpreserved, notwithstanding defendant's postsummations mistrial motion (see People v Romero, 7 NY3d 911, 912 [2006]; People v LaValle, 3 NY3d 88, 116 [2004]), and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1992]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]). We reject defendant's ineffective assistance of counsel claims relating to these issues.
The court properly denied defendant's request for an intoxication charge, since the evidence, viewed most favorably to defendant, did not support such a charge (see People v Gaines, 83 NY2d 925, 927 [1994]; People v Rodriguez, 76 NY2d 918, 920 [1990]). While there was evidence of defendant's consumption of alcohol and drugs, there was no evidence suggesting [*2]that her faculties were so impaired at the time of the crime that she could not have formed the requisite intent.
We perceive no basis for reducing the five-year term of postrelease supervision.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 1, 2018
CLERK