People v Brewington (2018 NY Slip Op 04035)





People v Brewington


2018 NY Slip Op 04035


Decided on June 7, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 7, 2018

107951

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RUBIN BREWINGTON, Appellant.

Calendar Date: April 24, 2018

Before: Lynch, J.P., Devine, Mulvey, Aarons and Pritzker, JJ.


William T. Morrison, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeals (1) from a judgment of the Supreme Court (Milano, J.), rendered August 5, 2015 in Schenectady County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree, and (2) from a judgment of said court, rendered April 26, 2016 in Schenectady County, which resentenced defendant.
The pertinent facts are largely set forth in prior decisions of this Court on appeals from judgments of conviction rendered in this matter in Schenectady County (129 AD3d 1115 [2015]) and in Albany County (People v Brewington, 149 AD3d 1418, 1418 [2017]; People v Brewington, 127 AD3d 1248 [2015]). Briefly, defendant pleaded guilty to burglary in the second degree in this matter and separately pleaded guilty to two counts
of burglary in the second degree in Albany County. Defendant was adjudicated a persistent violent felony offender in both matters and, in this matter, Supreme Court sentenced him to the agreed-upon term of 18 years to life in prison. Supreme Court further agreed to, and did, make the sentence run concurrently to the aggregate prison term of 16½ years to life imposed in Albany County (129 AD3d at 1115; People v Brewington, 127 AD3d at 1248).
Defendant successfully challenged his persistent violent felony offender status upon appeals from both judgments, resulting in vacatur of the sentences and remittal (129 AD3d at 1115; People v Brewington, 127 AD3d at 1248-1249). Upon remittal, defendant was sentenced to an aggregate prison term of 20 years and postrelease supervision in Albany County. Supreme Court, in turn, sentenced defendant to a concurrent prison term of 15 years, and then resentenced him so that a needed term of postrelease supervision could be imposed (see Correction Law [*2]§ 601-d). Defendant now appeals from the judgments entered upon sentencing and resentencing.
We reverse. Defendant pleaded guilty here upon the understanding that the imposed sentence would run concurrently to the aggregate prison sentence of 16½ years to life imposed in Albany County. He was also aware that a higher aggregate sentence would be imposed in Albany County if he successfully challenged his status as a persistent violent felony offender, and Supreme Court promised that any resentence in this case would run concurrently to that increased sentence.
During the pendency of this appeal, this Court reversed the judgment of conviction in Albany County, vacated defendant's guilty plea and remitted for further proceedings (People v Brewington, 149 AD3d at 1418-1419). The sentencing exposure that prompted defendant's concern about concurrent sentencing here accordingly dissolved and, indeed, he entered into a new plea arrangement in Albany County where he received, among other things, a much shorter prison term of six years. In short, the "reduction of the preexisting sentence [in Albany County] nullified a benefit that was expressly promised and was a material inducement to the guilty plea" here (People v Rowland, 8 NY3d 342, 345 [2007]; see People v Pichardo, 1 NY3d 126, 129 [2003]; People v Price, 113 AD3d 883, 885 [2014]). Inasmuch as "we cannot say that defendant would have foregone pretrial and trial rights and pleaded guilty" had he known that his guilty plea in Albany County would be vacated, his plea must also be vacated here (People v Pichardo, 1 NY3d at 130; see People v Rowland, 8 NY3d at 345; People v Price, 113 AD3d at 885). Defendant's remaining claim with respect to the severity of the sentence imposed is academic.
Lynch, J.P., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the judgments are reversed, on the law, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.