People v Vega (2019 NY Slip Op 08352)





People v Vega


2019 NY Slip Op 08352


Decided on November 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 19, 2019

Manzanet-Daniels, J.P., Tom, Kapnick, Gesmer, Singh, JJ.


10352 3112/13

[*1] The People of the State of New York, Respondent,
v
Fidel Vega, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Arielle Reid of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (David M. Cohn of counsel), for respondent.



Judgment of resentence, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered January 12, 2018, resentencing defendant, as a second violent felony offender, to an aggregate term of 11 years, unanimously affirmed.
The court was not required to conduct a plenary sentencing proceeding when, upon granting the People's CPL 440.40 motion, the court reinstated defendant's original 2014 sentence, which had been set aside in 2016 on grounds later invalidated by the Court of Appeals in People v Smith (28 NY3d 191 [2016]). The court had no authority to revisit its original exercise of sentencing discretion, because the original sentence was in accordance with law, defendant had begun serving it, and the court had no discretion to do anything but reimpose it (see People v Williams, 14 NY3d 198, 212 [2010], cert denied 562 US 947 [2010]; People v Lara, 167 AD3d 446 (1st Dept 2018), lv denied 32 NY3d 1206 [2019]).
To the extent defendant is claiming that he is entitled, at a plenary resentencing proceeding, to challenge the constitutionality of his predicate felony conviction on a ground not necessarily foreclosed by the Smith decision, that claim is unavailing. Such a challenge would be untimely because defendant failed to raise it at the time of his predicate felony adjudication (see CPL 400.15[7][b]; People v Lara, 167 AD3d at 448; People v Odom, 63 AD3d 408, 409 [1st Dept 2009], lv denied 13 NY3d 798 [2009]).
Because of the procedural posture of the sentencing issue on defendant's prior appeal (155 AD3d 462 [1st Dept 2017], affd 33 NY3d 1002 [2019]), this Court has not yet had occasion to review the original 2014 sentence for excessiveness. We now decline to reduce it in the interest of justice.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 19, 2019
DEPUTY CLERK