People v Hoyt (2022 NY Slip Op 05894)

People v Hoyt

2022 NY Slip Op 05894

Decided on October 20, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 20, 2022

110907
[*1]The People of the State of New York, Respondent,
v
Devin Hoyt, Appellant.

Calendar Date:September 8, 2022

Before:Lynch, J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Hug Law, PLLC, Albany (Matthew C. Hug of counsel), for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Aarons, J.
Appeal from a judgment of the Supreme Court (Kathleen B. Hogan, J.), rendered October 4, 2018 in Schenectady County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was charged by indictment with various crimes, including criminal possession of a weapon in the second degree, intimidating a witness in the third degree and tampering with a witness in the third degree. In satisfaction of the indictment, as well as charges brought in another indictment, defendant pleaded guilty to attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced as a persistent violent felony offender. Defendant also purportedly waived the right to appeal. Prior to sentencing, the People provided evidence of defendant having two prior violent felony convictions, from 2006 and 2010 respectively. Defendant argued that the 2006 conviction was obtained in violation of his constitutional rights and could not be used as a predicate violent felony offense. Following a hearing, Supreme Court found that both convictions constituted predicate violent felony convictions and sentenced defendant, as a persistent violent felony offender, to a prison term of 12 years to life. Defendant appeals.
Initially, defendant correctly contends that his waiver of the right to appeal was not knowing, intelligent and voluntary (see People v Thomas, 34 NY3d 545, 563 [2019]; People v Lopez, 6 NY3d 248, 256 [2006]). Both the written appeal waiver signed by defendant and Supreme Court's colloquy mischaracterized the rights waived as encompassing certain nonwaivable rights, including the right to pursue CPL article 440 motions and/or writs of error coram nobis (see People v Thomas, 34 NY3d at 565-566; People v Figueroa, 192 AD3d 1269, 1270 [3d Dept 2021]).
Defendant also challenges the propriety of his sentencing as a persistent violent felony offender. In order to establish that a defendant is a persistent violent felony offender, the People must first prove beyond a reasonable doubt that such defendant, who stands convicted of a violent felony offense, has been convicted of two or more predicate violent felony offenses (see CPL 400.15 [7] [a]; 400.16 [1], [2]). Once that burden is satisfied, the burden shifts to the defendant to prove that one or more of the prior convictions was "unconstitutionally obtained," as "[a] previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate violent felony conviction" (CPL 400.15 [7] [b]; see CPL 400.16 [2]; People v Konstantinides, 14 NY3d 1, 15 [2009]).
At the hearing, the People sustained their burden by establishing that defendant had two prior violent felony convictions, in 2006 and 2010. Defendant, as [*2]relevant here, challenged the constitutionality of the 2006 conviction, alleging that he was not informed during the plea allocution that his sentence would include a period of postrelease supervision (see People v Catu, 4 NY3d 242, 245 [2005]; People v Brewington, 127 AD3d 1248, 1248-1249 [3d Dept 2015]).[FN1] The record reflects that Supreme Court and the People were under the impression that, because defendant had not raised that objection at his 2006 sentencing and had never appealed the 2006 judgment of conviction, such conviction remained unchallenged as of the hearing date and that, as a consequence, defendant's sole recourse was to bring a motion under CPL article 440 seeking to vacate that conviction. Defendant was advised that, if the CPL article 440 motion was successful, he could then petition Supreme Court regarding his status as a persistent violent felony offender. The court then adjudicated defendant a persistent violent felony offender.
Significantly, "[n]otwithstanding his failure to appeal from the [2006] conviction, defendant had an independent statutory right to challenge its use as a predicate conviction on the ground it was unconstitutionally obtained" (People v Brewington, 127 AD3d at 1248 [internal quotation marks and citation omitted]). Under these circumstances, defendant was not afforded a sufficient opportunity to challenge the constitutionality of his 2006 conviction at the hearing. Accordingly, the sentence must be vacated and the matter remitted for a proper persistent felony offender hearing under CPL 400.16 and resentencing.
Lynch, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the judgment is modified, on the law, by vacating the sentenced imposed; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

Footnotes

Footnote 1: We reject the People's contention that the failure to advise a defendant that his or her sentence includes a mandatory period of postrelease supervision does not constitute a violation of the US Constitution. "The State and Federal Constitutions guarantee that the State shall not deprive any person of his or her liberty without due process of law" (People v Peque, 22 NY3d 168, 184 [2013] [citations omitted], cert denied 574 US 840 [2014]). The right to due process includes a trial court's "responsibility to confirm that the defendant's plea is knowing, intelligent and voluntary" (id.; see United States v Ruiz, 536 US 622, 629 [2002]). As such, due process requires that the court "advise the defendant of the direct consequences of the plea," including "the imposition of mandatory postrelease supervision" (People v Peque, 22 NY3d at 184-185; see People v Catu, 4 NY3d at 244-245; People v Brewington, 127 AD3d at 1248-1249).