People v Esquilin (2024 NY Slip Op 00033)

People v Esquilin

2024 NY Slip Op 00033

Decided on January 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 04, 2024

Before: Singh, J.P., Scarpulla, Pitt-Burke, Higgitt, O'Neill Levy, JJ. 

Ind No. 3109/14, 9784/98 Appeal No. 1353-1353A Case No. 2022-00427 

[*1]The People of the State of New York, Respondent,
v
Rafael Esquilin, Defendant-Appellant. 

Caprice R. Jenerson, Office of the Appellate Defender, New York (Taylor L. Napolitano of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Alex King of counsel), for respondent.

Judgment of resentence, Supreme Court, New York County (Ruth Pickholz, J.), rendered February 2, 2022, resentencing defendant, as a persistent violent felony offender, to an aggregate term of 23 years to life, unanimously affirmed. Order, same court and Justice, entered on or about February 3, 2022, which denied defendant's motion pursuant to CPL 440.20 to set aside the second violent felony offender adjudication rendered in connection his 1999 conviction, and motion pursuant to CPL 400.15, and 400.16 for an order declaring that his 1993 predicate violent felony conviction was unconstitutionally obtained, unanimously affirmed.
We previously directed resentencing for a persistent felony offender determination (174 AD3d 458 [1st Dept 2019], lv denied 34 NY3d 950 [2019]). On remand, defendant was resentenced as a persistent violent felony offender based on his prior convictions in 1993 and 1999. Defendant's claim that his 1993 conviction should not have been used as a predicate violent felony offense is procedurally barred. By failing to challenge the constitutionality of the 1993 conviction during the 1999 plea and sentencing proceedings, defendant has waived any future challenges to the constitutionality of the 1993 conviction for sentence enhancement purposes (CPL 400.15[7][b]; see People v Odom, 63 AD3d 408, 409 [1st Dept 2009], lv denied 13 NY3d 798 [2009]). Defendant has not shown good cause for his failure to timely challenge the 1993 conviction so as to warrant reconsideration of the issue. His contention that he received ineffective assistance from his counsel in 1999 is unavailing. Furthermore, having been adjudicated a second violent felony offender based on the 1993 conviction, defendant is precluded by statute from contesting the use of the 1993 conviction as a predicate (see CPL 400.15[8]; Odom, 63 AD3d at 409; People v Boutte, 304 AD3d 307, 308 [1st Dept 2003], lv denied 100 NY2d 579 [2003]). In any event, even if defendant's claim were not procedurally barred, the record establishes that his 1993 plea and conviction were constitutionally valid.
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 4, 2024