People v Goldfaden (2026 NY Slip Op 01856)

People v Goldfaden

2026 NY Slip Op 01856

Decided on March 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 26, 2026

Before: Webber, J.P., González, Mendez, O'Neill Levy, Hagler, JJ. 

Ind. No. 728/18|Appeal No. 6190-6190A|Case No. 2020-01782|

[*1]The People of the State of New York, Respondent,
vEdward Goldfaden, Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Mark W. Zeno of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jennifer Westphal of counsel), for respondent.

Order, Supreme Court, New York County (Brendan T. Lantry, J.), entered on or about April 18, 2025, which denied defendant's CPL 440.20 motion to set aside his sentence, unanimously reversed, on the law, and the matter remanded for further proceedings. Appeal from judgment, same court (Gilbert C. Hong, J.), rendered January 27, 2020, convicting defendant, after a jury trial, of burglary in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 16 years to life, held in abeyance pending the outcome of the proceedings on the CPL 440.20 motion.
The CPL 440.20 motion court improperly denied defendant's motion to set aside his sentence solely on the basis that Erlinger v United States (602 US 821 [2024]) did not apply retroactively to his conviction. Defendant's conviction was not final for retroactivity purposes, as he had yet to perfect his direct appeal at the time he filed his motion to set aside his sentence (see People v Pepper, 53 NY2d 213, 219, 222 [1981], cert denied 454 US 967 [1981]). Thus, we cannot rely upon the People's alternative grounds for affirmance, which, although preserved, are precluded by People v LaFontaine (92 NY2d 470 [1998]) (see People v Santiago, 91 AD3d 438, 439 [1st Dept 2012], lv denied 15 NY3d 757 [2010]). Accordingly, we vacate the order and remand for further proceedings on defendant's motion and hold the appeal from the judgment in abeyance pending the outcome of those proceedings.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 26, 2026